### THOMAS R. PRATT v. WASHINGTON MILLS.

(Filed 7 November, 1923.)

**1. Wills—Interpretation—Intent.**

The intent of the testator as gathered from terms employed by him in his will, will control in its interpretation, when not contrary to the settled rules of law.

**2. Same—Deeds and Conveyances.**

An estate to certain named daughters of the testator, but upon their marriage or death to be divided equally among them, "and descendants": *Held*, construing the will to effectuate the testator's intent, the enjoyment of the ulterior devise and the right to take it was postponed until after the death or marriage of the last surviving daughter, and a purchaser from them before then could not acquire the absolute fee-simple title.

APPEAL by defendant from *Lane, J.,* at September Term, 1923, of FORSYTH.

Civil action for specific performance, submitted on an agreed statement of facts.

Plaintiff, being under contract to convey certain land to the defendant, executed and tendered a deed therefor, and demanded payment of the purchase price, as agreed. The defendant declined to accept the deed and refused to make payment, claiming that the title offered was defective.

His Honor, being of opinion that the deed tendered was sufficient to convey a full and complete fee-simple title to the land in question, gave judgment for the plaintiff; whereupon the defendant excepted and appealed.

*Graves, Brock & Graves for plaintiff.*
*Manly, Hendren & Womble for defendant.*

STACY, J. On the hearing, the title offered was properly made to depend upon the construction of the following clause in the will of David Kallam:

PRATT *v.* MILLS.

"I give and bequeath to my daughters, Ann, Jane and Mary, all of my estate, both real and personal, after the death of my wife, and it is my will and desire that the said property be not divided but that they hold and enjoy it in common. And it is my further will and desire that should my son, Irvin Kallam, who is now wounded and a prisoner of war . . . I desire that should he choose to remain with his sisters and assist them in working and managing the farm that he share equally with them in the property, during the natural life of my above-named daughters, and, or during the time they remain single; and I further desire that upon the marriage or death of any of my before-mentioned daughters I give to the remainder of them the use of my said property, and upon the death or marriage of all of my said daughters, I desire that my property be divided equally amongst all of my children and their descendants, they taking *per stirpes* and not *per capita.*"

The precise question upon which the case pivots is whether the "children and their descendants," takers of the ulterior limitation in the above clause, are to be determined as of the date of the death of the testator, or at the death of Mary, the last surviving daughter—none of the daughters ever having married. It is admitted that, if the ultimate takers are to be determined as of the date of the death of the testator, the plaintiff has a good title, having acquired same by purchase, and is entitled to specific performance as decreed by the court below. But if the ultimate takers are to be determined as of the date of the death of Mary, the last surviving daughter of David Kallam, then it is conceded that the plaintiff's title is defective and the judgment below should be reversed.

One of the children of David Kallam living at the time of his death, to wit, Spencer Kallam, and from whom plaintiff purchased in 1899, died, leaving children, prior to the death of Mary Kallam in 1917. The children of Spencer Kallam, or rather their grantees, now claim an interest in said property.

We think it is clear, from the language of the will, that not only the enjoyment of the ulterior devise, but also the right to take it was intended to be postponed until after the death or marriage of the last surviving single daughter. *Whitesides v. Cooper,* 115 N. C., 570; *Bowen v. Hackney,* 136 N. C., 187; *Freeman v. Freeman,* 141 N. C., 97; *James v. Hooker,* 172 N. C., 780; *Jenkins v. Lambeth,* 172 N. C., 466; *Thompson v. Humphrey,* 179 N. C., 44; *In re Kenyan,* 17 R. I., 149.

It will be observed that the limitation in question is not to the "heirs," or even "children," simpliciter, of the testator, but upon the contingency

named, the property is to be divided "equally amongst all of my children and their descendants," with the further provision that "they," meaning children and their descendants, shall take *per stirpes* and not *per capita.* From this, we think it manifest that the takers of the ulterior devise were not to be determined until the falling in of the remainder interest of the three daughters named in the will. *Ziegler v. Love,* 185 N. C., 40; *Witty v. Witty,* 184 N. C., p. 381; *Rees v. Williams,* 165 N. C., 201; *Kirkman v. Smith,* 175 N. C., 579.

There is nothing in *Baugham v. Trust Co.,* 181 N. C., 406, or *Goode v. Hearne,* 180 N. C., 475, which militates against our present position, for while the general rule of construction is stated to be that a bequest or devise by way of remainder to the heirs, next of kin or other relatives of a testator will be construed as referring to those who are such at the time of his death, yet the authorities all agree that this rule must give way to the controlling rule of interpretation, that the intent of the testator is to govern, provided it does not conflict with the settled rules of law. In fact, this is the cardinal principle in the interpretation of wills to which all other rules must bend. *Sears v. Russell,* 8 Gray (Mass.), 86. Note, however, it is a rule of construction, and not a rule of law like the rule in *Shelley's case,* for instance. *Hampton v. Griggs,* 184 N. C., p. 16.

"The true principle, which runs through all the cases, is to ascertain the intent of the testator, gathered from the will itself and all its provisions, and to give the instrument an interpretation which will effectuate that intent." *Smith, C. J.,* in *Buchanan v. Buchanan,* 99 N. C., p. 317.

From the facts agreed, we think it was error to hold that the deed tendered was sufficient to convey a full and complete fee-simple title to the property in question. The children of Spencer Kallam derive their interest by purchase under the will, direct from the testator, and not by descent. *Whitfield v. Garris,* 134 N. C., 24; *Sessoms v. Sessoms,* 144 N. C., 122.

Error.