JENNIE SLOAN SCALES ET AL. v. JOHN A. BARRINGER.

(Filed 9 June, 1926.)

**1. Wills—Interpretation—Intent.**

A will is interpreted in accordance with the intent of the testator as gathered from the language used in the entire instrument, which may be aided in proper instance from the circumstances surrounding him at the time the will was executed.

**2. Wills—Interpretation—Estates—Vested and Contingent Interests.**

Where there is uncertainty as to the time or person in the creation of a devise or bequest, the interest in the property is contingent and not vested.

**3. Same—Wills—Descent and Distribution.**

A devise of a certain described lot of land to the testator's daughter for life, giving her the power of sale upon ascertainment of the value of her life estate with equal division of the proceeds among the testator's children or their representatives, and if she should not exercise the power, the land to be sold after her death for a like division: *Held*, the estate in remainder does not vest until either the power of sale under the will has been exercised by the first taker, or at her death; and the children of the testator or their "representatives" as the case may be, who have died before the happening of either event, have no interest descendible to their heirs at law or subject to their devise.

APPEAL by defendant from *Bryson, J.,* at March Term, 1926, of GUILFORD.

Controversy without action under C. S., 626, *et seq.,* upon the following facts:

1. In 1902, and for many years prior thereto, Robert N. Sloan was the owner in fee of a tract of land in Guilford County, North Carolina, described as follows: "Situated on West Market Street in the city of Greensboro, North Carolina, known as the Home Place, where I now live, bounded on the south by West Market Street, on the west by Eugene Street, on the north by West Gaston Street, and on the east by the West Market M. E. Church property." This was the home place of Robert M. Sloan, and he resided there with his family for more than thirty years prior to his death.

2. The family of Robert M. Sloan were the following:

(a) His wife, Mrs. Sarah Jane Paisley Sloan, who died 10 December, 1884.

(b) A son, John Sloan, who died 9 November, 1885, leaving him surviving two children who are still living, to wit, the plaintiffs, Charles W. Sloan and Mrs. Sarah Paisley Sloan Wyatt.

(c) A daughter, Fannie Sloan, who intermarried with Dr. John E. Logan on the ........ day of ......................, 18 ....... The said Dr. John E. Logan died 31 March, 1912, and the said Mrs. Fannie Sloan Logan died 11 January, 1926. There were no children born of this marriage. Dr. and Mrs. Logan always made their home with the testator, her father, until his death, 27 July, 1905. The children, other than Mrs. Logan, had, prior to 10 March, 1902, married and moved away.

(d) A daughter, Jennie Sloan, who intermarried with Dr. Jefferson Scales. Dr. Jefferson Scales died 14 April, 1919. There were no children born of this marriage. The said Mrs. Jennie Sloan Scales is still living.

(e) A daughter, Julia Paisley Sloan, who intermarried with Cornelius Mebane, who died 28 January, 1908. There are three children surviving of this marriage, and the said Mrs. Julia Paisley Sloan Mebane is still living.

(f) A daughter, Bertha Sloan, who intermarried with Clark Porter. The said Clark Porter died 5 April, 1902, and the said Mrs. Bertha Sloan Porter died 4 September, 1903. There were born of this marriage four children, all of whom are living: Clark Porter; Ruth Porter, who intermarried with Julius Hugenot Adams; Waldo Porter, and F. Logan Porter.

(g) A daughter, Mattie Sloan, who intermarried with the defendant, John A. Barringer. The said Mrs. Mattie Sloan Barringer died 11 February, 1915. There was only one child born of said marriage, a daughter, Fannie Sloan Barringer, who intermarried with John Waldrop, and who died 29 September, 1918. There was no child born of the marriage of said Fannie Sloan Barringer with John Waldrop, and she died intestate without ever having had issue or ever having had any brother or sister. The said John A. Barringer, father of said Mrs. Fannie Sloan Barringer Waldrop, survived her and is the defendant in this cause, and has not remarried.

(h) A daughter, Ida Sloan, who intermarried with Neill Ellington, who died 30 January, 1921. There is one surviving child of this marriage, and the said Mrs. Ida Sloan Ellington is still living.

3. The said Robert M. Sloan died 27 July, 1905, leaving a last will and testament, dated 10 March, 1902, which was duly admitted to probate 28 August, 1905, and which has since been recorded in the office of the clerk of the Superior Court for Guilford County, North Carolina, and said last will and testament is in words and figures as follows, to wit:

First. I will and devise to my daughter, Mrs. Fannie Logan, wife of Dr. John E. Logan, for the term of her natural life, all my real estate situated on West Market Street in the city of Greensboro, N. C., known as the home place, where I now live, bounded on the south by West Market Street, on the west by Eugene Street, on the north by West Gaston Street, and on the east by the West Market M. E. Church property. And my will and desire is that she pay the taxes and keep the property in reasonable repair, but it is left to her choice whether she will continue to keep house and live on the property, or sell the same by agreement, or otherwise, with the other heirs, as to the value of her life estate, and divide it between herself and the other brothers and sisters or their representatives before her death. If this be not done by her during her life, at her death my will is, that it then be divided equally in fee simple between all my children or their representatives, share and share alike without discrimination.

Second. I will and bequeath to my daughter, Mrs. Fannie Logan, wife of Dr. John E. Logan, all my household and kitchen furniture, including my library, pictures, silverware, watch and ornaments, for her natural life, and my will and desire is, that everything be kept sub-

stantially as it is at present, so long as my daughter, Mrs. Fannie Logan, lives and keeps house at the old homestead; and at her death my will is, that all the property mentioned in this item (second) be divided equally among all my children or their representatives, share and share alike without discrimination.

Third. I will and bequeath to my daughter, Mrs. Fannie Logan, wife of Dr. John E. Logan, my ten shares of stock in the Guilford Lumber Company, absolutely in fee simple.

Fourth. I will, devise and bequeath all my other property of every kind and description, including bank stock, cash on hand, also insurance money in the Southern Express Company, after paying my just debts and funeral expenses, to my children and the representatives of such as are, or may be dead, in fee simple and absolutely, share and share alike, including Mrs. Fannie Logan, and not requiring her to account for the specific devises and bequests herein made to her.

Fifth. I hereby designate, constitute and appoint my daughter, Mrs. Fannie Logan, my lawful and sole executrix, without bond, to execute and carry into effect this my last will and testament, according to the true intent and meaning of the same, hereby revoking and declaring utterly void all other wills and testaments by me heretofore made.

4. During the lifetime of Mrs. Fannie Sloan Logan, there was no sale or other disposition of the real property described in paragraph 1 hereof, and referred to in article first of said will of Robert M. Sloan, and the said Mrs. Fannie Sloan Logan continued to pay the taxes upon and to remain in possession of and to keep house and live on said property until her death on 11 January, 1926, and she died in the dwelling upon said real property, which she had occupied as a residence until her death, and her husband, Dr. John F. Logan, had also made his home there until he died.

5. The said Mrs. Mattie Sloan Barringer left a last will and testament, which was duly admitted to probate 10 May, 1915, and which has since been recorded in the office of the clerk of the Superior Court for Guilford County, which said last will and testament is in words and figures as follows, to wit:

I, Mattie Sloan Barringer, being of sound mind and memory, and recognizing the uncertainty of life, do make and publish this my last will and testament:

Item One. I give, bequeath and devise to my beloved husband, John Alston Barringer, all my personal property and real estate of whatsoever kind or character, wheresoever found or situated, to him and his heirs forever.

Item Two. I do hereby appoint my said husband the executor of this my last will and testament to qualify as such, without giving bond.

In testimony whereof, I have hereunto set my hand and seal.

MATTIE SLOAN BARRINGER.    (Seal.)

21 April, 1891.

Witness: MARY C. JONES.
         KATIE L. VANCE.

Filed for probate 10 May, 1915.

6. The plaintiffs claim and contend under the facts herein stated and the will of Robert M. Sloan, that they are the owners of the entire fee-simple estate in the lot or tract of land described in paragraph 1 of this agreed statement of facts, owning the same in the following interests, to wit:

Charles Sloan and Sallie Sloan each a one-tenth undivided interest therein; Mrs. Jennie Sloan Scales a one-fifth undivided interest therein; Mrs. Julia Paisley Sloan Mebane a one-fifth undivided interest therein; Clark Porter, Mrs. Ruth Porter Adams, Waldo Porter, and F. Logan Porter each an undivided one-twentieth interest therein; Mrs. Ida Sloan Ellington a one-fifth undivided interest therein.

7. The defendant, John A. Barringer, claims and contends that under the facts herein stated and under the wills of said Robert M. Sloan and said Mrs. Mattie Sloan Barringer, he is the owner of an undivided one-sixth interest in the lot or real property described in paragraph 1 of this agreed statement of facts.

Upon the foregoing facts it was adjudged that the testator devised the real estate in controversy to the plaintiffs as his blood representatives in the proportion alleged by them and that they alone are entitled to take under the will. The defendant excepted and appealed.

*Brooks, Parker & Smith for the plaintiffs.*
*R. C. Strudwick for defendant.*

ADAMS, J. The death of the testator, Robert M. Sloan, occurred on 27 July, 1905. One of his daughters, Mattie Sloan Barringer, died 11 February, 1915, leaving surviving her Fannie Sloan Waldrop, her only child, whose death took place 29 September, 1918. Mrs. Fannie Logan died 11 January, 1926. The defendant contends that under the first item of Robert M. Sloan's will the devisees acquired a vested estate in remainder, the defendant's wife taking at the testator's death an undivided one-sixth interest in the real property; also that by virtue of her last will he succeeded to her title as sole devisee, and that he would have inherited the same interest from his daughter even if his wife had made

no will. On the other hand the plaintiffs say that the interest of Mrs. Barringer was contingent; that the contingency upon the happening of which her interest was to become vested did not occur during her life-time; and that she had no estate in the devised property which could be inherited by her surviving daughter or given to her husband by her last will and testament. What interest, then, if any, did she acquire under the first item of her father's will?

In the construction of a will the cardinal purpose is to ascertain and give effect to the intention of the testator as expressed in the words he has used, and to ascertain such intention all the provisions may be examined in the light of the circumstances, including the state of the testator's family at the time the will was made. *Gibbons v. Dunn,* 18 N. C., 446; *Witty v. Witty,* 184 N. C., 375; *McIver v. McKinney, ibid.,* 393; *Snow v. Boylston,* 185 N. C., 321; *In re Wolfe, ibid.,* 563; *Pratt v. Mills,* 186 N. C., 396; *McCullen v. Daughtry,* 190 N. C., 215. In the present case the testator had a specific purpose in mind; he evidently intended that both devises and legacies should be given only to his children or their representatives. In the first item he devised the "home place" to Mrs. Logan for the term of her natural life and "left to her choice" an election between continuing "to keep house and live on the property" and "selling the same by agreement with the other heirs as to the value of the life estate" and dividing the proceeds "between herself and the other brothers and sisters or their representatives before her death." If this was not done during her life, at her death the property was to be "divided equally in fee simple between all his children or their representatives share and share alike without discrimination." In the second item he made a similar disposition of his household and kitchen furniture, library, pictures, silverware, and watch and ornaments; in the third, he gave Mrs. Logan ten shares of stock in the Guilford Lumber Company; and in the fourth he devised and bequeathed all his other property to his children and the representatives of such as were or might be dead. Every devise, every bequest is purposely and cautiously restricted to those of his own blood. In these circumstances what is the legal significance of the devise appearing in the first item of his will? Mrs. Logan, it will be noted, did not see fit to sell the "home place"; so the provision in reference to "her choice" of using or disposing of the property may be considered primarily in its relation to the testator's intent, the controversy finally turning on the last paragraph of the first item: "If this be not done during her life, at her death my will is" that the property be divided as therein directed.

The difference between vested and contingent remainders is clearly defined. A remainder is vested where the estate is invariably fixed, to remain to a determinate person, after the particular estate is spent; it

is contingent where the estate in remainder is limited to take effect either to an uncertain person or upon an uncertain event. The former passes a present interest to be enjoyed in the future; by the latter no present estate is transferred. If there is uncertainty as to the person or persons who will be entitled to enjoy the remainder or if a conditional element is made a part of the description of the remainder, it is contingent. So the immediate question is whether the testator's direction as to the distribution of the proceeds to be derived from the sale by Mrs. Logan, if she should make the sale, and his direction as to the division of the property itself after her death, if she had made no sale, designated the time when the estate in interest vested or the time when it was to be enjoyed in possession. If these provisions fixed the time when the right of property accrued, not the mere right of enjoyment, Mrs. Barringer took an interest contingent upon her surviving the life tenant.

A similar question arose in *Bowen v. Hackney*, 136 N. C., 187, in which this clause was construed: "I now declare that, with the advancements already made and specifically given in this will, in my judgment, equality is made to all my children so that at the expiration of the life estate of my wife, that which is given to her for life shall be equally divided between all my children, share and share alike, the representatives of such as may have died to stand in the place of their ancestors." A daughter of the testator had predeceased the life tenant, and it was held that her estate was contingent upon her surviving the life tenant and that no interest passed by her will to her husband. Recognizing the general rule that if there is in terms a devise, and the time of enjoyment merely is postponed, the interest is a vested one, but if the time be annexed to the substance of the gift or devise as a condition precedent, it is contingent, the Court adopted the following passage from Gray on Perpetuities: "The true test in limitations of this character is that, if the conditional element is incorporated into the description of the gift to the remainderman, then the remainder is contingent, but if after the words giving a vested interest a clause is added divesting it, the remainder is vested." It was held that the clause then under consideration annexed to the gift a condition precedent which prevented its vesting in any child who did not survive the life tenant.

The last clause in the first item of Robert M. Sloan's will bears a striking analogy to the clause which was construed in *Bowen v. Hackney*, and the principle there announced applies with equal force to both. Robert M. Sloan no doubt had in mind, as *Mr. Justice Walker* suggested in reference to Willis N. Hackney, the possibility that some of his children might die during the life of the first taker; indeed, he knew when the will was written that one of his sons had died leaving surviving children; and this contingency he met by providing for the

"representatives" (not the general heirs) of such children as were or might be dead when the property was divided. It is further evident, as suggested, that the testator intended that the devise should take effect according to the state of his family at the time the division was made. The "representatives" of any deceased children were then to stand in the place of their ancestor; it is therefore immaterial, as said in *Bowen v. Hackney,* whether the remainder to each child is contingent or whether it is vested, but subject to be divested by the child's death before that of the life tenant. In either case only one result can be reached.

This interpretation is not inconsistent with the first clause of the first item. In this clause the real property was not given to the children or their representatives, and their interest was contingent upon two events: Mrs. Logan's election to sell the property, and, if the election were exercised, the time of the sale. How many of the children would then be living? How many would then be dead with or without surviving representatives? Whether the clauses be construed separately or together the conclusion is the same: Mrs. Barringer did not acquire a vested estate at the testator's death, but an interest contingent upon her surviving the life tenant who made no disposition of the property "before her death." It follows that no estate in the devised property descended to her daughter or passed to her husband under her will. In addition to the cases cited in *Bowen v. Hackney,* we may refer to the following in support of our conclusion: *Mercer v. Downs,* 191 N. C., 203; *Brown v. Guthery,* 190 N. C., 822; *Matthews v. Griffin,* 187 N. C., 599; *Pratt v. Mills,* 186 N. C., 396; *Cilley v. Geitner,* 182 N. C., 714; *Thompson v. Humphrey,* 179 N. C., 44; *Grantham v. Jinnette,* 177 N. C., 229; *Jenkins v. Lambeth,* 172 N. C., 466; *Latham v. Lumber Co.,* 139 N. C., 9.

The cases cited by the defendant were decided upon a different principle. For example, in *Williams v. Sasser,* 191 N. C., 453, the remainder was held to be vested because there were no words importing survivorship or other contingency. So in *Witty v. Witty, supra;* but there it was said that contingent and not vested remainders are created where a testator limits the remainder after a life estate to certain persons or to the representatives of those who may have died. Not less than four times Robert M. Sloan referred in his will to the representatives of his children and brought the disposition of his property clearly within the principle enunciated in *Bowen v. Hackney,* and many other cases. The judgment is

Affirmed.