WACHOVIA BANK & TRUST COMPANY, TRUSTEE BY APPOINTMENT OF COURT, UNDER THE LAST WILL AND TESTAMENT OF SAMUEL F. PATTERSON, DECEASED, v. ROBERT H. SCHNEIDER, NANCY ELIZABETH SCHNEIDER, A MINOR; FRANCIS F. PATTERSON, MILDRED PATTERSON BEARD, THE UNBORN CHILDREN OF NANCY ELIZABETH SCHNEIDER, THE LINEAL DESCENDANTS OF MRS. MARY PATTERSON SCHNEIDER, NOT NOW IN BEING, AND ANY AND ALL OTHER PERSONS NOT NOW IN BEING OR UNDER ANY DISABILITY, OR WHOSE NAMES AND RESIDENCES ARE NOT KNOWN, WHO MAY, TO ANY DEGREE OR EXTENT, BECOME INTERESTED IN ANY OF THE ASSETS OF THE TRUST ESTABLISHED PURSUANT TO ITEM 3 OF THE LAST WILL OF SAMUEL F. PATTERSON.

(Filed 30 April, 1952.)

**1. Wills § 31—**

Where there is apparent repugnancy in the intent of the testator as expressed in one part of the will and as gathered from the entire instrument, the meaning of the language used is subject to judicial construction.

**2. Same—**

The intent of testator as gathered from the language of the entire instrument is the controlling objective of testamentary construction.

**3. Same—**

In ascertaining the intent of a will, all its provisions must be examined in the light of the circumstances surrounding testator, including the state of testator's family at the time the will was made.

**4. Same—**

It is not required that the intent of testator be declared in express terms, and in fact the intent as inferred from the language of the entire instrument is more to be regarded than the use of any particular words.

**5. Wills § 32½—**

A vested estate is transmittible, a contingent estate is not.

**6. Wills § 33c—**

An estate is vested when there is either an immediate right of present enjoyment or a present fixed right of future enjoyment.

**7. Same—**

Where there is uncertainty as to the person or persons who are to take, and the uncertainty is to be resolved in a particular way or according to conditions at a particular time in the future, the estate is contingent.

**8. Wills § 34c—**

When a gift is to a class, but the time of vesting is postponed beyond the date of the termination of the preceding life estate, members of the class *in esse* at the time of the termination of the life estate are possessed of the contingent right to take, subject to be opened up to admit members of the class thereafter born and to be closed so as to exclude members who die prior to the date set for the vesting of the estate.

**9. Wills § 33a—**

Where a bequest and devise of the income of an estate to the beneficiaries is limited to a specified period, with provision for the vesting of the *corpus* at the end of the period upon contingent limitations, so that the beneficiaries of the *corpus* need not be the same as the beneficiaries of the income, the beneficiaries of the income do not take the fee, since the will manifests an intent to pass an estate of less dignity.

**10. Wills §§ 32½, 33c—Beneficiary of income held to have only contingent interest in corpus and therefore did not take transmittible estate.**

Testator was survived by children of his first marriage and the widow and child of his second marriage. After making provision for the children of his first marriage, testator devised and bequeathed the remainder of his estate in trust with provision that the income therefrom should be paid his widow and the child of the second marriage and, upon the child's death, to her children for the period of the trust, with further provision that at the expiration of twenty years from the death of the child by the second marriage the *corpus* should be distributed to such child's children or grandchildren *per stirpes*, with further limitation over to the trustees for charitable purposes in the event testator's child by the second marriage died without direct descendants surviving at the time of the termination of the trust. The child by the second marriage died survived by two children, one of whom died before the expiration of the period fixed for the distribution of the *corpus*. *Held:* The children by the first marriage were excluded from taking any interest in the property in question by purchase under the will, and the deceased child of the child by the second marriage took no transmittible estate, and any interest he may have had terminated upon his death, and further the surviving child of the child of the second marriage is entitled to all the income from the estate, and there can be no distribution of the *corpus* prior to her death or the end of the twenty year period fixed by the will.

**11. Wills § 39—**

Courts do not enter anticipatory judgments, and therefore in an action to construe a will, an adjudication directing the distribution of the *corpus* of the estate in the event of the death of the contingent beneficiary prior

to the time fixed in the will for the distribution of the *corpus*, will be
vacated.

**12. Costs § 5—**

   Except as otherwise provided by G.S. 6-21 attorney's fees are not a part
   of the cost of litigation.

**13. Wills § 39—**

   Fees of attorneys for parties who are *sui juris* and elect to employ coun-
   sel and assert their claim to a part of the estate cannot be allowed as a
   part of the costs in an action to construe the will, even though it was neces-
   sary for plaintiff to make them parties to the action.

Appeal by guardian *ad litem* for the defendant Nancy Elizabeth
Schneider, an infant, and certain other defendants, from *Hatch, Special
Judge,* October Special Term, 1951, Wake. Modified and affirmed.

Petition by plaintiff trustee for advice and instruction.

Samuel F. Patterson, plaintiff's trustor, a resident of Halifax County,
North Carolina, died in 1924 possessed of a large estate consisting of both
real and personal property. He left surviving a widow, now deceased,
and their daughter, Mary B. Patterson, then nine years of age; and also
a son and daughter by a former marriage, the defendants Francis F.
Patterson, and Mildred Patterson Beard. The son has one child and the
daughter Mildred five children now living. Said grandchildren are repre-
sented here by a duly appointed guardian *ad litem.*

Said Samuel F. Patterson died testate. In his will he made provision
for his son Francis and his daughter Mildred. Title to the gift to or for
the benefit of Mildred was vested in trustees who were directed to pay
the income therefrom to her during her natural life and after her death
to her children until the youngest one thereof should attain the age of
twenty-one years, at which time payment of income should cease and the
*corpus* of the devise should revert to the residuary estate of the testator.
Neither this devise nor the devise to Francis is in any wise involved in
this litigation.

Then he made provision for his widow and their daughter Mary in
the following language:

"Item No. 3. I give, devise and bequeath to my wife, Nancy P. Pat-
terson, and to my daughter, Mary B. Patterson, equally, all of the income
which may arise from the remainder of all of my property of every kind,
character, and description, so long as they both shall live. In the event
of the death of either of them, the survivor shall receive, so long as she
shall live, all of the income which may arise from the remainder of my
estate not disposed of in items 1 and 2 as above set out . . . If my daugh-
ter, Mary B. Patterson, shall have any children living at the time of her
death, then, and in that event, any and all income to which she would be

entitled hereunder, if she were living shall be paid equally to her children for a period of twenty years after her death. Upon the death of my wife, Nancy P. Patterson, and the death of my daughter, Mary B. Patterson, leaving no children or grandchildren, her surviving, then all of my estate shall revert to my executors hereinafter provided. In the event that my daughter, Mary B. Patterson shall die leaving children or grandchildren her surviving, then upon the expiration of the 20 year period succeeding her death as above provided, my estate shall be distributed equally among her children and the children of any one of her children who may have predeceased her, provided that her grandchildren shall receive only such portion as would have been received by their parent if living.

"ITEM No. 4. In the event of the reversion of the remainder of my estate to my Executors, on account of the death of my wife, Nancy P. Patterson and the death of my daughter, Mary B. Patterson, without leaving any children or grandchildren surviving her, then it is my desire that my executors hereinafter named and their successors, shall use the income which may be derived from my estate for charitable and educational purposes in their discretion."

Executors and trustees were named in the will, and plaintiff is the successor trustee now in charge of and actively engaged in the administration of said trust estate which presently consists of real estate and the proceeds of real estate of the value of $77,203.17 and personal property not traceable to real estate of the value of $558,743.98.

Mary B. Patterson, the surviving daughter by the last marriage and beneficiary of the trust, intermarried with defendant Robert H. Schneider and there were born to the marriage two children, defendant Nancy Elizabeth Schneider and Robert Patterson Schneider. She died a resident of Virginia, 6 February 1951. Her infant son, Robert, died a few days thereafter, that is, on 16 February 1951.

A controversy has arisen among the parties as to the proper disposition of the trust estate. The defendant Robert H. Schneider, father of Robert Patterson Schneider, deceased infant son of Mary Patterson Schneider, claims one-half of the personal estate held in trust as heir of distributee of his said child, and the other parties make conflicting claims, the exact nature of which need not be detailed here.

In view of the language used in Item 3 of the will, the trustee is not certain as to the disposition, if any, it should now make of the *corpus* of the trust estate or as to the rights of the respective parties under the several claims made by them. It therefore filed this petition for advice and instruction, particularly as to:

1. Its right to sell and convey, invest and reinvest the assets of the trust estate;

2. The meaning and dispositive effect of the language used in said Item 3; and

3. The rights and interests of the respective claimants in the *corpus* of the trust estate.

It prays specific instruction as to whether it shall now make distribution of any part of the *corpus* of the trust and, if so, what part and to whom.

The court below, after finding certain facts, adjudged that:

1. The trustee possesses full discretionary power of administration of the trust including the power to sell, invest and reinvest without order of court and without the consent of the beneficiary or beneficiaries of the trust;

2. The proceeds of real estate now held by the trustee shall be deemed real estate for the purpose of descent and distribution as directed by the court;

3. Upon the death of Mary P. Schneider, the title to the *corpus* of the trust estate immediately vested in her two surviving children, Nancy Elizabeth and Robert Patterson Schneider, with the enjoyment thereof postponed until the termination of the trust; each being entitled to one-half of the income therefrom during the period of the trust;

4. Upon the death of Robert P. Schneider, 16 February 1951, one-half of the trust estate passed immediately, free of the trust, to his heirs and distributees, his father, Robert H. Schneider, and his sister, Nancy Elizabeth Schneider; and

5. The father, Robert H. Schneider, as sole distributee of his son, is now entitled to one-half of all the personal estate held in trust by plaintiff, and the sister, Nancy Elizabeth Schneider, as sole heir at law of said infant, is now entitled to one-half of all the real estate or proceeds of real estate now in possession of the trustee, free and clear of the trust provisions.

The other adjudications are of secondary importance.

The guardian *ad litem* for Nancy Elizabeth Schneider and certain other defendants excepted and appealed.

*A. L. Purrington, Jr., guardian ad litem for Nancy Elizabeth Schneider.*

*Manning & Joslin for Mildred Patterson Beard and Francis F. Patterson.*

*Samuel R. Leager, guardian ad litem for all persons in esse and in posse not otherwise represented.*

*Brassfield & Maupin for Robert H. Schneider.*

*Joseph B. Cheshire, Jr., guardian ad litem for unborn children of Nancy Elizabeth Schneider and for lineal descendants of Mary Patterson Schneider not now in being.*

BARNHILL, J.   Did Robert P. Schneider, upon the death of his mother, become seized and possessed of a transmittible one-half interest in the trust estate devised in Item 3 of the will of Samuel F. Patterson, subject only to the provisions of the trust postponing the time of full enjoyment thereof?  This is the primary question posed by this appeal.  Since the widow, Nancy P. Patterson, is now dead and her interest in the trust estate has terminated, we may discuss the question without reference to her or her rights under the will.

If Item 3 of the will is lifted out of its context and considered apart from the will as a whole, the language there used generates very plausible, if not persuasive argument in support of an affirmative answer.  The will considered in its entirety tends to point in the other direction.  So then, there is sufficient ambiguity as to the purpose and intent of the testator and the meaning of the language used by him to invoke judicial construction.  *Cannon v. Cannon,* 225 N.C. 611, 36 S.E. 2d 17.

Judicial construction is guided and controlled by well-recognized and established canons of construction, some of which must be invoked here.

The discovery of the intent of the testator as expressed in his will is the dominant and controlling objective of testamentary construction, for the intent of the testator as so expressed is his will.  *Woodard v. Clark,* 234 N.C. 215; *Trust Co. v. Waddell,* 234 N.C. 454; *Seawell v. Seawell,* 233 N.C. 735, 65 S.E. 2d 369; *Heyer v. Bulluck,* 210 N.C. 321, 186 S.E. 356.

In ascertaining the intent of the testator, all the provisions of the will must be examined in the light of the circumstances, including the state of the testator's family at the time the will was made.  *Heyer v. Bulluck, supra; Scales v. Barringer,* 192 N.C. 94, 133 S.E. 410, and cases cited.  The intent is to be gained from a consideration of the will in its entirety.  *Richardson v. Cheek,* 212 N.C. 510, 193 S.E. 705; *Heyer v. Bulluck, supra; Brown v. Brown,* 195 N.C. 315, 142 S.E. 4; *Cannon v. Cannon, supra; Bank v. Corl,* 225 N.C. 96, 33 S.E. 2d 613; *Buffaloe v. Blalock,* 232 N.C. 105, 59 S.E. 2d 625.

The intent of the testator, as expressed in the will, "taking it by its four corners" is the "Polar star" guiding the Court in arriving at the proper construction of the language used in the will.  *Trust Co. v. Miller,* 223 N.C. 1, 25 S.E. 2d 177, and cases cited.

The intention of the testator need not be declared in express terms.  It is sufficient if it can be inferred from particular provisions of the will and from its general scope and import.  *Trust Co. v. Miller, supra; Efird v. Efird,* 234 N.C. 607.  And greater regard is to be given to the dominant purpose of the testator than to the use of any particular words.  *Heyer v. Bulluck, supra; Trust Co. v. Waddell, supra.*

Likewise we must bear in mind the distinction between a vested and a contingent estate, for the one is transmittible while the other is not. " 'An estate is vested when there is either an immediate right of present enjoyment or a present fixed right of future enjoyment.' *Patrick v. Beatty,* 202 N.C. 454, 163 S.E. 572; *Curtis v. Maryland Baptist Union Asso., supra.*" (121 A.L.R. 1516) *McQueen v. Trust Co.,* 234 N.C. 737. Conversely, when there is uncertainty as to the person or persons who are to take, the uncertainty to be resolved in a particular way or according to conditions existing at a particular time in the future, the devise is contingent. *Scales v. Barringer, supra; Trust Co. v. Stevenson,* 196 N.C. 29, 144 S.E. 370; *Smyth v. McKissick,* 222 N.C. 644, 24 S.E. 2d 621.

"If there is uncertainty as to the person or persons who will be entitled to enjoy the remainder or if a conditional element is made a part of the description of the remainder, it is contingent." *Scales v. Barringer, supra.*

In craftsmanship the will leaves much to be desired. In some respects it is ineptly drawn and it lacks exactness of expression and attention to details that might be expected in a paper writing disposing of an estate of the size here involved. Yet an examination of the instrument with the controlling rules of construction in mind makes it manifest that the testator intended to (1) keep his devise well within the rule against perpetuities, (2) limit the property which, in any event that might arise, should go to the two children by his former marriage to that specifically devised in the will, and (3) restrict the trust property devised in Item 3 to his lineal descendants of the blood of his surviving widow, upon the failure of which it is to be used for charitable purposes as provided in Item 4 of the will.

The devise in trust is purposely and cautiously restricted to those of his own blood and the blood of his wife Nancy who may be able to answer the roll call. And it is evident he intended that the devise should take effect according to the state of his family with reference to the second set of children at the time the division is to be made. The representatives of any deceased child who predeceased the life tenant take one share *per stirpes.* They take, however, if at all, as purchasers under the will and not by inheritance, as representatives of their deceased parent.

There is no gift of the trust estate to the children and grandchildren of his daughter Mary apart from the direction that the trust shall terminate and the property shall be divided at the end of the twenty-year period. *Carter v. Kempton,* 233 N.C. 1, 62 S.E. 2d 713.

At the time the will was executed, the state of testator's family was such that there was a distinct possibility that those who are to share in the income after the death of his daughter Mary and those who may share in the final division are not identical. Only children of Mary are to

receive the income pending the termination of the trust. Grandchildren are excluded by necessary implication. Yet grandchildren of the blood of the testator and his last wife are to share in the distribution, provided their ancestor predeceased Mary.

"In the event that my daughter, Mary B. Patterson shall die leaving children or grandchildren her surviving, then upon the expiration of the 20 year period succeeding her death as above provided, my estate shall be distributed equally among her children and the children of any one of her children who may have predeceased her, provided that her grandchildren shall receive only such portion as would have been received by their parent if living."

Those who are to take the *corpus* are designated by class rather than by name. When the gift is to a class but the time of vesting is postponed beyond the date of the termination of the preceding life estate, members of the class *in esse* at the time of the termination of the preceding estate are possessed of the contingent right to take. However, the class opens up to admit members of the class thereafter born, and closes ranks so as to exclude members who die, prior to the date set for the vesting of the estate granted. *Neill v. Bach,* 231 N.C. 391, 57 S.E. 2d 385; *Smyth v. McKissick, supra.*

If testator's daughter Mary should die without leaving a direct descendant capable of answering the roll call as provided in the will, the trust property is not to pass by inheritance to representatives of his first set of children but is to revert to the trustees as a part of the testator's residuary estate and be devoted to charitable purposes as provided in Item 4 of the will.

While it is true the income from the trust is to be paid first to Mary and then, after her death, to such of her children as may survive, the gift is not a gift of the income generally. It is carefully limited to the twenty-year period next after the death of Mary. Hence, the line of cases represented by *Coddington v. Stone,* 217 N.C. 714, 9 S.E. 2d 420, and *Jackson v. Langley,* 234 N.C. 243, is not controlling here. The will manifests an intent to pass an estate of less dignity. *Mangum v. Wilson, ante,* 353.

The intent of the testator as thus disclosed by the language used in the will under consideration compels these conclusions: (1) Robert Schneider never became seized of a vested interest in the trust estate which upon his death passed by inheritance to his heirs and distributees; (2) upon the death of his mother, he became entitled to one-half of the income from the trust estate; (3) upon his death, prior to the expiration of the twenty-year period during which the trust was to continue and prior to the date set for the final distribution of the *corpus* of the estate, any interest he may have had in the trust estate terminated; (4) the defendant Nancy Elizabeth Schneider is now entitled to all the income from the estate and

is the only person who may be able to answer the roll call at the expiration of the trust, if she is then living; and (5) there can be no distribution of the *corpus* of the estate at this time.

Let it be understood, however, that we do not at this time decide (1) any right of the children of the first marriage or their representatives to take by inheritance from their half sister, Nancy Elizabeth, in the event she dies without issue, either before or after the termination of the trust, or (2) the validity or invalidity of the contingent gift over for charitable purposes contained in Item 4 of the will. These questions are not now properly before the Court. The provisions of Item 4 are now considered only as they serve to point to the intent of the testator. Specifically, paragraph 10 of the judgment, in so far as it undertakes to direct the distribution of the *corpus* of the trust in the event Nancy Elizabeth Schneider shall die prior to the expiration of the twenty-year period, is vacated. The courts do not enter anticipatory judgments. That question will be decided when and if it arises.

The court below entered an order awarding counsel fees to the attorneys for the defendant Robert Schneider and the defendants Francis F. Patterson and Mildred Patterson Beard, to be paid out of the assets of the estate as a part of the cost of the litigation. Exceptions to this order must be sustained.

Except as otherwise provided by statute, G.S. 6-21, attorneys' fees are not now regarded as a part of the court costs in this jurisdiction. *Turner v. Boger,* 126 N.C. 300; *Ragan v. Ragan,* 186 N.C. 461, 119 S.E. 882; *Parker v. Realty Co.,* 195 N.C. 644, 143 S.E. 254; *Finance Co. v. Hendry,* 189 N.C. 549, 127 S.E. 629.

Prior to 1868 counsel fees for the successful litigant were fixed by statute and allowed as a part of the cost or expense of litigation. The Code of Civil Procedure, adopted in 1868, abolished the tax fees of attorneys and made provision for the recovery by the successful party of certain amounts which were supposed to reimburse him for his expense. C.C.P., Title XII, sec. 275, 279; *Hyman v. Devereux,* 65 N.C. 588. This was changed in 1870-71 and certain fixed fees for attorneys were allowed as under the former law. Bat. Rev., Ch. 105, sec. 29; *Patterson v. Miller,* 72 N.C. 516; *Midgett v. Vann,* 158 N.C. 128, 73 S.E. 801. In 1879 this was repealed, leaving no statutory provision for attorneys' fees as costs. Laws 1879, Ch. 41; *Parker v. Realty Co., supra; Patrick v. Trust Co.,* 216 N.C. 525.

Thus the nonallowance of counsel fees as a part of the costs of litigation was deliberately adopted as the policy in this State as early as 1879. That policy, as modified by the provisions of G.S. 6-21, has prevailed in this State since that date.

The allowances may not be sustained upon the theory that they are in payment for services rendered the trust estate.

While it was necessary for the plaintiff to make Robert H. Schneider a party defendant, whether he should appear and defend was for him to decide. When he elected to employ counsel and appear and assert his claim to a part of the estate, his counsel represented him and advocated his cause. They were serving the individual and not the estate. Of course, what is here said as to Robert H. Schneider applies with equal force to the allowance made counsel for defendants Francis F. Patterson and Mildred Patterson Beard.

The judgment entered in the court below must be modified in accord with this opinion. As so modified it is affirmed.

Modified and affirmed.