[Sac. No. 482. Department Two.—September 26, 1898.

In the Matter of the Estate of MATTHEW HEALY, Deceased.
L. ABRAHAMS, Appellant, v. J. W. HOSSELKUS, Public Administrator, Respondent.

ESTATES OF DECEASED PERSONS—CONTEST FOR LETTERS—"PERSON INTERESTED"—PUBLIC ADMINISTRATOR.—A public administrator, who asserts a right to administer the estate of a deceased person under section 1365 of the Code of Civil Procedure, is a "person interested' in a contest for letters of administration, within the meaning of section 1374 of that code, and may appear and contest the appointment of another petitioner.

ID.—CONSTRUCTION OF CODE—NOMINATION BY NEPHEWS AND NIECES —DISCRETION—APPEAL.—The nephews and nieces of the decedent have not the absolute right of nomination and revocation of letters secured to the first five classes enumerated in sections 1365 and 1383 of the Code of Civil Procedure, but the rights of their nominee are secured only by section 1379 of that code, under which his appointment by the court is discretionary; and the exercise of its discretion to refuse such appointment and to appoint the public administrator, who is next entitled, on the ground that it is for the best interest of the estate, will not be disturbed upon appeal, if no abuse of discretion is made to appear in the record.

ID.—LEGISLATIVE ADOPTION OF CONSTRUED STATUTE—VACANCY IN ADMINISTRATION.—Section 1379 of the Code of Civil Procedure, relative to appointments of nominees of persons entitled to administer, being a re-enactment of section 66 of the former practice act, which was construed to apply only in cases where there was a vacancy in the administration, it seems should be considered as a legislative adoption of the known construction of the latter section.

APPEAL from an order of the Superior Court of Lassen County, granting letters of administration to the public administrator. F. A. Kelly, Judge.

The facts are stated in the opinion of the court.

Spencer & Raker, for Appellant.

Goodwin & Goodwin, for Respondent.

HENSHAW, J.—This is the appeal of L. Abrahams from the order denying his petition for letters of administration upon the estate of Matthew Healy, deceased, and granting letters to another petitioner, J. W. Hosselkus, public administrator.

The only relations of the deceased living in California are Ulty and James McCabe and their married sister, all children of a deceased sister of the intestate. Ulty and James, being of lawful age, and of the next of kin, were entitled to letters as belonging to the seventh class enumerated in section 1365 of the Code of Civil Procedure. They did not themselves apply for letters, however, but nominated and requested the appointment of Abrahams, the appellant herein. He petitioned as their nominee. Thereafter Hosselkus entered a contest to Abraham's petition, and at the same time filed a petition of his own asking for letters. The McCabes in turn contested the petition of Hosselkus. The petitions and contests were heard together. Abrahams moved the dismissal of Hosselkus' contest, upon the ground that he was not a party interested within the meaning of section 1374 of the Code of Civil Procedure, and the motion was denied. The outcome of the hearing was the order appealed from.

The public administrator is the eighth in order of the persons and classes of persons entitled to letters of administration under section 1365 of the Code of Civil Procedure, and he is "a person interested" within the meaning of section 1374 of the same code. The language of the latter section indicates that the interest mentioned therein is an interest not alone in the estate, but as well an interest in the question, Whose is the right to letters of administration upon the estate? Anyone asserting a right to administer may appear in such a contest. This is a different interest from that which is contemplated in section 1307 of the Code of Civil Procedure, concerning contests over wills. There, obviously, the interest is an interest in the estate, either as heir at law, legatee or devisee. In such a contest, of course, the public administrator is not a party interested. (*In re Hickman,* 101 Cal. 609.)

Though the question has never been directly presented for adjudication, it has always impliedly been held in accordance with the foregoing view. Thus, in *Estate of Muersing,* 103 Cal. 585, the nominee of the nonresident father was allowed to contest the application of the public administrator for letters. Assuredly, the nominee of the nonresident father is not a person interested in the estate. In *Estate of Connors,* 110 Cal. 408, the public administrator unsuccessfully contested the application of the

father for letters, and in *Estate of Eggers,* 114 Cal. 464, the same official successfully contested the application of a relative of deceased who was not entitled to a distributive share of his estate.

Appellant next contends that, as the McCabes' right to administer was admittedly superior to that of the public administrator, to their nominee passed the same superior, absolute, legal right, precisely as it passes to the nominee of the surviving husband or wife under subdivision 1 of section 1365 of the Code of Civil Procedure.

Such right of nomination in the first instance as any other person than the surviving husband or wife may possess is drawn from section 1379 of the Code of Civil Procedure, which declares: "Administration may be granted to one or more competent persons, although not otherwise entitled to the same, at the written request of the person entitled, filed in the court."

The power to procure a revocation of letters, and the appointment of a nominee after letters have been issued to one not in the first five classes enumerated in section 1365 of the Code of Civil Procedure, is accorded to the members of those five classes and to their nominees by section 1383 of the Code of Civil Procedure. But it is here to be noted that the members of class 7, to which the McCabes belong, are not empowered to nominate under section 1365 of the Code of Civil Procedure, nor to secure a revocation of letters under section 1383 of the Code of Civil Procedure. Their rights, then, are wholly embraced within section 1379 of the Code of Civil Procedure, upon the construction of which this question must depend.

This section has formed a part of the law of the state since 1850. (Stats. 1850, p. 382.) It was section 66 of the former practice act. It was construed in *Estate of Carr,* 25 Cal. 585, and there held to apply only in cases where a vacancy in the administration existed. In view of the well-settled law that the re-enactment of a statute is a legislative adoption of its own construction (*Hyatt v. Allen,* 54 Cal. 356; *In re Baker,* 55 Cal. 303; *Blythe v. Ayers,* 96 Cal. 591), some difficulty would be experienced in avoiding the conclusion that when section 66 of the practice act was re-enacted as section 1379 of the Code of Civil Procedure, the legislature meant it to apply only in the case of a vacancy arising during administration. But, giving a most lib-

eral construction, and holding that in a case like the present a
vacancy may be said to exist, it still remains to be considered
whether the right of the McCabes to nominate under section 1379
is absolute, or whether a discretion in the matter of the appoint-
ment is conferred upon the court. By the appellant, as has been
said, it is contended that the right is absolute, and by the re-
spondent it is insisted that, while the court may not arbitrarily
refuse to consider the application of such a nominee, the right of
the nominee to appointment is not absolute, but the court may
exercise a discretion in the matter which will not be reviewed, ex-
cept for abuse. In *Estate of Morgan,* 53 Cal. 243, the married
niece of the deceased nominated and requested the appointment
of E. J. Croly as administrator. The public administrator filed
a contest, and at the same time petitioned for letters for himself.
This court said the fact of Croly's recommendation by the next
of kin under section 1379 of the Code of Civil Procedure did not
give him any preference over the public administrator for two
reasons: 1. Because the next of kin were married women; but, 2.
(continued the court), "Had it been otherwise in this respect, and
had the next of kin been laboring under no such disability, their
petition requesting the appointment of Croly was addressed to
the discretion of the probate judge; it did not operate to super-
sede the claim of the public administrator otherwise established
under the statute to receive letters of administration, and, it not
appearing that the probate court, in refusing to appoint Croly,
has abused the discretion confided to it in terms by the statute,
the order will not be disturbed. In *Estate of Allen,* 78 Cal. 581,
the construction of the section of the code thus declared in
*Estate of Morgan, supra,* is adverted to and approved. In *Estate
of Dorris,* 93 Cal. 611, section 1379 of the Code of Civil Proced-
ure is again considered, and the same construction put upon it.
The opinion first assigns reasons why a right absolute (if a fit per-
son be named) is conferred upon the nominee of the surviving
husband and wife under section 1365 of the Code of Civil Pro-
cedure, and as to the other classes it proceeds: "Hence, they are
only entitled to nominate when they are the persons entitled to
administer, and then the nomination is submitted to the discre-
tion of the court, which may, if there is good reason for so doing,
refuse to confirm the nominee and appoint the person next enti-

tled." In *Estate of Bedell*, 97 Cal. 339, the section was again under consideration. It is said that the obvious purpose of the section is to give one entitled to administration the power to select some competent person to discharge the duties of the office, and that to hold that his request is not to be considered, when resisted by one belonging to a class lower in rank, would be to confine the selection to some person falling within the class immediately after his own. But, still emphasizing the fact that in such cases the appointment is addressed to the discretion of the court, it is said: "The provision in this section being general in its terms, and having no qualifications except the conditions named therein, must be construed as giving to the court the discretionary power to grant administration to any competent person who otherwise would not be entitled thereto at the written request of a person who would be so entitled."

The evidence adduced upon the hearing is not before us. The court made findings, and among them gave the particulars of a single specific transaction from which it found that petitioner Abrahams was wanting in integrity in the discharge of trusts confided to him. This finding is assailed. Its sufficiency need not be considered. Elsewhere the court declared that it was to the best interest of the estate that the public administrator should be appointed, and, as the evidence upon which the conclusion was reached is not before us, it may not be said that the court abused its discretion in so determining.

The order appealed from is therefore affirmed.

Temple, J., and McFarland, J., concurred.

Hearing in Bank denied.