WILLIAM S. BAKER ET ALS v. SALLIE JENKINS EDGE ET ALS.

(Filed 26 September, 1917.)

1. **Wills—Codicils—Interpretation.**

A codicil should be construed with the will, as an addition, explanation, or alteration thereof, in reference to some specified particular, the law not favoring a revocation by implication, but that the other parts of the will shall stand unless a different intent be gathered by construing the will and codicil as a whole.

2. **Same—Lapsed Devises — Estates — Contingent Limitations — Residuary Legatees—Next of Kin.**

A devise of certain lands with specific bequests to named grandsons of the testator, John and Jesse, in case of either dying without issue, the estate and personalty to go to the other; and in the event of the death of both without issue, then to their "next of kin in equal degree," etc., with codicil revoking only the devise of the lands to John, and instead, giving him another tract of land since acquired. After the death of both John and Jesse without issue: *Held*, the codicil revoking only the devise of the land to John, did not impliedly revoke, and was not intended to revoke, the limitation over to "the next of kin" of Jesse's undivided portion, and the contingency having happened, John's undivided part became lapsed, and came within the residuary clause freed from the limitations, while Jesse's such portion went to the "next of kin" upon the happening of the contingency, as directed by the will.

3. **Same—Limitation of Actions.**

Where lands are devised with limitation over upon the death of the two devisees, without issue, and by codicil the portion of one has fallen within the residuary clause of the will, and that of the other has gone to the "next of kin" upon the happening of the contingency, the statute of limitations begins to run against the residuary legatees by adverse possession under color at any time since the death of the testator, and against the next of kin only from the happening of the contingency.

CIVIL ACTION tried before *Whedbee, J.,* at the April Term, 1917, of EDGECOMBE.

This is an action to recover a tract of land known as the Ruffin tract, on the following facts:

Moses Baker, late of Edgecombe County, North Carolina, died in said county and State, leaving a last will and testament, which is duly recorded in the office of the clerk of the Superior Court of Edgecombe in Will Book G, page 146 *et seq.,* the pertinent paragraphs of which read as follows:

Item 12: I give and bequeath unto my grandsons, John Baker and Jesse Baker, negro man Ben and my "Ruffin tract" of land adjoining the lands of Samuel P. Jenkins and containing about 200 acres, also two shares each Wilmington and R. R. R. stock. If either of them shall die without issue, I give the share of the one so dying in all property given or devised to them in this instrument to the survivor; and if both should die leaving no issue, then I give, devise, and bequeath the lands, slaves, and other property to their next of kin in equal degree who shall be of the issue of my body, except Naomi Armstrong, wife of Baker Armstrong, and her sister Martha Ann Baker, it being intended that they or their issue shall under no circumstances inherit any portion of my estate, either directly or indirectly.

Item 13: I authorize, direct, and empower my executor to sell all the balance or residue of my property of every description, real, personal, and mixed, and in making sale of same, I give to my executor full discretion to sell publicly or privately, for cash or on time, as he may deem advisable.

Item 14: As to the money which shall come to the hands of my executor from sales of property, debts due me, and all other sources, I provide as follows, to wit: They shall be applied, first, to the payment of my just debts, funeral expenses, and such as shall be necessary for the settlement of my estate; secondly, to the satisfaction of the legacy of $200 to my wife; and as to the residue of the said moneys, I give and bequeath them as follows, viz.: One-fourth part to my son William S. Baker, one-fourth part to my grandsons John Baker and Jesse Baker, with the same provisos and exceptions as are made in item 12; one-fourth part to the said William S. Baker, as trustee, for the sole and separate use of the said Polly Pitt during her natural life, and after her death for the benefit of her children and grandchildren, with the exception of Leah Armstrong and Thomas Pitt, as provided in item 5, the said Baker to have power to invest the same in property or bank stock, or to loan it out at his discretion; and the other fourth to George W. Walker and Vesta Walker, on the same terms and conditions, with the same provisos, and to such other persons as are contained and set forth in item 9.

I hereby nominate, constitute, and appoint my son William S. Baker executor of this my last will and testament.

Codicil: I hereby revoke and annul the devise or bequest of an undivided one-half of the "Ruffin tract of land" unto my grandson John Baker contained in item 12 of said will, and in lieu thereof I give and devise unto the said John Baker the tract of land which I have purchased since the making of the said will from Dawson and Bytha Brown, adjoining the lands of Mrs. Whitehead and Mrs. Cohoon and the heirs of W. G. Baker, and containing 137 acres, more or less. If the said John shall die without issue, it is my will and desire in that event the said land shall go to his brother Jesse Baker.

The will is dated 28 August, 1854; the codicil, 4 November, 1855, and same was probated August Term, 1857.

John and Jesse died without issue—Jesse dying in 1864, John in 1913. Jesse died testate, and in his will attempted to devise the lands in controversy to his brother John Baker. In 1865, John executed a deed, conveying the lands in controversy to the defendant's ancestors, and the defendants have been in possession ever since. The plaintiffs are John and Jesse's next of kin within the terms of item 12. The title to said Ruffin tract is out of the State.

His Honor, being of opinion that the plaintiffs were not entitled to recover, allowed, at the conclusion of all the evidence, the defendants' motion for judgment as of nonsuit, and plaintiffs appealed.

*Henry Staton and G. M. T. Fountain & Son for plaintiff.*
*F. S. Spruill and Allsbrook & Phillips for defendants.*

ALLEN, J. The question presented is the effect of the codicil on the will. Does it strike the name of John Baker from the 12th item of the will, and does it destroy the ulterior limitation to the next of kin, in the event of the death of both John and Jesse Baker leaving no issue?

The researches of counsel and of the Court furnish no precedent to guide us, and we are left to ascertain the intent of the testator under general rules of construction established by the wisdom and experience of our predecessors, but not always leaving the mind free from doubt, since in the last analysis, construction is an effort to find the mind of the testator as expressed in the will, and the standard is the mind of the Court, and generally they are unlike, differently trained, and reach conclusions by a course of reasoning having no similarity.

The codicil before us does not purport to revoke the will. It only revokes and annuls the devise or bequest of an undivided one-half of the Ruffin tract to his grandson, John Baker, leaving John in the 12th item

of the will as one-half owner of the negro Ben and as the sole owner of two shares of Wilmington and R. R. R. stock.

It is well settled that there may be a partial revocation of a will (*Barfield v. Carr,* 169 N. C., 575), and that a codicil "imparts not a revocation, but an addition, or explanation, or alteration of a prior will in reference to some particular, and assumes that in all other particulars the will is to be in full force and effect." *Boyd v. Latham,* 44 N. C., 367.

The codicil and the will are "the final disposition reading by the light of both instruments together as a corrected whole" (*In re Venable's will,* 127 N. C., 347, quoting from Shouler), and the will and codicil must be considered together as a whole. *Allbright v. Allbright,* 172 N. C., 353.

The Courts are also averse to the revocation of a will by implication, and, as said in *Hallyburton v. Carson,* 86 N. C., 294, " 'If the codicil is expressed to allow the will in one particular, the presumption is,' says a recent author, 'that it confirms and republishes the rest of the will.' O'Hara on Wills; p. 6. 'It is an established rule not to disturb the dispositions of the will further than is absolutely necessary to give effect to the codicil.' 1 Jar. Wills, 343, note.

"Thus a change of devisees to whom land is given, subject to a rent charge, will not revoke the rent charge, but the substituted devisee will take the land *cum onere. Becket v. Hardin,* 4 M. & S., 1. The object in all cases is to arrive at the intent of the testator and give effect to both instruments when they can operate in harmony."

Applying these principles, and keeping in mind that the codicil does not revoke item 12, nor all the bequests and devises to John in that item, that it only purports to revoke the devise to John of an undivided half of the Ruffin tract, and that John's name must still remain in the item in order that he may retain his interest in the negro and the railroad stock, the limitation over, on the death of John and Jesse leaving no issue, must stand; and as this event has taken place, the next of kin have an interest in the land in controversy.

It does not follow, however, that this interest extends to the whole of the Ruffin tract. The testator gives to Jesse Baker in item 12 only an undivided half of the Ruffin tract, and he has manifested no purpose in the codicil to increase this interest, when it would have been easy to do so if this had been his intent. John and Jesse were grandsons of the testator, equally the objects of his bounty, and the purpose is clear to treat them alike. He gave an undivided half of the Ruffin tract to each, and in the codicil he gave John the Brown tract in lieu of an undivided half of the Ruffin tract. Is is reasonable, under these conditions, to conclude that the testator, controlled by the purpose to treat both grand-

sons impartially and to give each an equal share in his estate, could have intended to give Jesse the whole of the Ruffin tract, which was, in his opinion, worth twice as much as the Brown tract given to John? We think not.

This undivided interest does not go to the next of kin. It is property not specifically disposed of under the will, and passes under the residuary clause (*Faison v. Middleton,* 171 N. C., 173, and cases cited), freed of the limitations in item 12, and as to those claiming under the residuary clause, the adverse possession of the defendants and those whom they claim under color since 1865 is a complete bar as to this one-half interest.

The principle that the revocation of the particular estate by a codicil revokes the remainder or limitation does not apply unless the codicil discloses a testamentary intent to revoke the limitation, and generally the limitation will be accelerated by the revocation of the particular estate rather than defeated. *In re Whiteforn* (2 Ch., 121), 5 Anno. Cas., 789, and note.

We are, therefore, of opinion the next of kin take an undivided one-half interest in the Ruffin tract under the limitation in item 12 of the will, and as their rights did not accrue until the death of John in 1913, the defendants have not acquired title as to that part by adverse possession, and that the defendants are the owners of the other one-half of said Ruffin tract.

The defendants will pay the costs of the appeal.

Reversed.