I. M. BROWN, INDIVIDUALLY, AND AS EXECUTOR OF JOSIAH BROWN, v. MINNIE BRITTON BROWN, N. H. BROWN AND BRUCE BROWN.

(Filed 14 March, 1928.)

**1. Wills—Rights and Liabilities of Devisees and Legatees—Advancements —Construction of Wills.**

When a testator has died leaving an estate from which he specifically excludes two of his children as his heirs at law, stating that he had given each of them, as advancements, his portion of the inheritance, and that they were to receive nothing as such heirs: *Held,* a codicil to the will providing for the upkeep of a burial place on the "home place," and also providing that should there be a residue of his personal property it should be equally divided among his heirs at law, refers to such heirs

that were not excluded by the express terms of the will. In this case each of the excluded heirs had executed a recorded writing to the effect that he had received his full share of the inheritance, as stated in the will.

### 2. Wills—Construction—General Rules.

Where the testator has added codicils to his will, the will will be construed with the codicils so as to effectuate the intent of the testator, as expressed by the entire writing.

APPEAL by defendants, N. H. Brown and Bruce Brown, from *Nunn, J.*, at November Term, 1927, of BERTIE. Affirmed.

The following judgment was rendered by the court below: "This cause coming on to be heard at this term before his Honor, R. A. Nunn, judge, and the same being heard, and by consent of the parties the same being heard before judge upon all matters raised in said pleadings; and it further appearing to the court, and being admitted in court by both plaintiff and defendants, that only questions of law are involved, and that there are no issues of fact to be passed upon by a jury, and the court being requested to find the facts and state the conclusions of law arising thereon, the court finds the following facts, to wit:

1. That Josiah Brown died testate on 25 June, 1926, and his last will and testament and two codicils attached thereto as a part of the said will were duly admitted to probate and recorded in the office of the clerk of the Superior Court of Bertie County, which will and codicils the court finds to be the last will and testament of the said Josiah Brown, and the same are made a part of this judgment.

2. That I. M. Brown, the executor named therein, has duly qualified as executor of the said estate, and is now acting as such.

3. That only the right to certain personal property is in controversy in this action, and the same was brought for the purpose of construing the said will and codicils and determining the disposition of thirteen shares of bank stock and a note of six hundred dollars now in the hands of the executor and unadministered, also one $100 Liberty Bond, and $500 cash.

4. That Bruce Brown is the only heir at law of Tulie C. Brown, who was a son of Josiah Brown.

5. That Malinda Brown, wife of Josiah Brown, is dead, and that Minnie Britton Brown, N. H. Brown, Bruce Brown, and I. M. Brown, are the sole heirs at law and distributees of the said Josiah Brown under the law.

6. That Tulie C. Brown executed an agreement of record in Book 105, page 486, office of the register of deeds for Bertie County, releasing his interest in his father's estate, which agreement is referred to in Item 8 of the said will.

BROWN *v.* BROWN.

7. That N. H. Brown executed a similar agreement of record in Book 114, page 141, office of register of deeds for Bertie County, and which is referred to in Item 9 of the said will.　：

And upon such facts appearing to the court, the court being of the opinion that Bruce Brown and N. H. Brown take nothing by virtue of the said will, as appears from items 8 and 9 thereof, and other parts of said will, and the court being also of the opinion that under Item 7 of the said will the bank stock, Liberty Bond, $500 in money, and note of $600 were not intended by the said testator to pass absolutely under said item to Minnie Britton Brown, but that under the last clause of the second codicil, executed 24 February, 1923, the said Minnie Britton Brown and I. M. Brown share equally in said personal property:

It is therefore ordered, considered, adjudged and decreed that I. M. Brown, executor, distribute the said property equally to I. M. Brown and Minnie Britton Brown, after paying all debts and costs of administration.

It is further adjudged that I. M. Brown and Minnie Britton Brown are the owners of the said thirteen shares of bank stock, the said Liberty Bond, the note for $600 and the $500 cash, in equal proportions.

It is further adjudged that N. H. Brown and Bruce Brown own no right, title, interest or estate in and to the aforesaid property, and are not entitled to share in the said personal property, and that the plaintiff go hence without day as to all of their demands and recover his costs, the same to be taxed by the clerk of this court."

The other necessary facts will be set forth in the opinion. The only exception and assignment of error was to the judgment of the court below.

*Craig & Pritchett for plaintiff.*
*Edgar T. Snipes and Winston, Matthews & Kenney for defendants.*

CLARKSON, J. The court below by consent found the facts. Josiah Brown died 25 June, 1926, and left a will with two codicils. I. M. Brown, plaintiff, was left executor. There was no caveat to the will. His wife, Malinda Brown, died after the will was made and before the first codicil was made. He left four children: (1) Minnie Britton Brown, (2) N. H. Brown, (3) I. M. Brown, (4) Tulie C. Brown, who is dead and who left one heir at law, Bruce Brown, one of the defendants.

In the findings of facts we have: "That Tulie C. Brown executed an agreement of record in Book 105, page 486, office of the register of deeds for Bertie County, releasing his interest in his father's estate, which agreement is referred to in Item 8 of the said will; that N. H. Brown

executed a similar agreement of record in Book 114, page 141, office of the register of deeds for Bertie County, and which is referred to in Item 9 of the said will."

Items 8 and 9 of the will are as follows:

"Item 8. My son, Tulie Chesson, has been amply provided for during my lifetime. I have given him the farm known as the Willis Barrett farm, besides repairing the dwelling-house on said farm and also giving him a horse and a year's provision, all of which farm and other provisions made for him I have made as an advancement, and what I have given him is all the share that I wish him to have in my estate, and he is not to share in my lands or other property which may belong to my estate at my death. My son Tulie and I fully understand each other, as is evidenced by a contract which we have heretofore made and executed between each other, which is of record in Book 105, page 486, register of deeds office for Bertie County, North Carolina, and said contract is referred to and made a part of this my last will and testament.

"Item 9. My beloved son, Newton Henry, is not to share in my estate at my death, neither real, personal or mixed, because he has been amply provided for during my lifetime, as evidenced by an instrument of writing of record in Book 114, page 141, register of deeds office for Bertie County, N. C., which record is referred to and made a part of my last will and testament. The advancement which I have made to my son Newton Henry consists of the home place on which he now lives, a horse and other personalty which is in full settlement with him of all right of claim in my estate."

It will be noted that as to Tulie C. Brown, the will distinctly says: *"What I have given him is all the share that I wish him to have in my estate, and he is not to share in my lands or other property which may belong to my estate at my death."* As to N. H. Brown, the will distinctly says: *"Is not to share in my estate at my death, neither real, personal or mixed, because he has been amply provided for during my lifetime."*

The contracts under seal between Josiah Brown and the two sons, Tulie C. Brown and N. H. Brown, were both recorded and recitals in each are as follows: *"Having received all of my share of property whereof I (would) be entitled to in my father's and mother's estate, . . . feeling satisfied that I have received my full share of property whereof I am heir and that I shall not be entitled to no (any) more property in my father's and mother's estate during their life, nor shall I be entitled to any more at their death."* The contract with Tulie C. Brown was dated 1 January, 1901, and N. H. Brown, 15 April, 1902.

The will of Josiah Brown was made 6 October, 1910, the first codicil 11 June, 1914, and the second 24 February, 1923.

The second codicil has reference with particularity to a trust fund of $500 to be used for the upkeep of the family burying ground. In the will he mentions that it is his will and desire that his body be buried in the graveyard on my "home place," and one-half acre to be reserved, "embracing the graveyard to be used as a burying ground for my descendants." The codicil says: "Wishing to preserve and keep sacred from the hands of vandalism the graveyard or cemetery where sleep my wife and children, and where I expect to make my last resting place, it is my will and desire that the said graveyard be kept and preserved with sacred care."

The last clause of this second codicil is where defendants claim their rights arise, which is as follows: *"If there should be any property remaining after the same has been divided according to my last will and testament and the two codicils, it is my will and desire that it be divided equally among my heirs at law under the canons of descent."*

But, on the other hand, plaintiffs claim the first part of the second codicil shows that defendants, N. H. Brown and Bruce Brown (only heir of Tulie C. Brown) can have no interest, as the second codicil says: *"I, Josiah Brown, of said county and State, make this second codicil to my last will and testament, and dated 6 October, 1910, which I ratify and confirm, as also the codicil dated 11 June, 1914."*

The court below in construing the will excluded N. H. Brown and Bruce Brown from any participation in certain of the personal property, and adjudged that Minnie Britton Brown, who does not appeal, and I. M. Brown, plaintiff, is entitled to the same. In this we think the court below correct.

From the contracts and will it clearly appears that the testator had fully provided for N. H. Brown and Tulie C. Brown, father of Bruce Brown. In fact, N. H. Brown and Tulie C. Brown, under their hands and seals signed a solemn agreement to that effect. This agreement was specifically referred to in the will and they in the will, by clear language, were excluded from any further share.

We do not think that the latter part of the second codicil gave them anything additional. The will and codicils are to be construed as a whole. The clear language of the contracts and will was to the effect that N. H. Brown and Tulie C. Brown, father of Bruce Brown, were to get nothing from the estate. The first part of the second codicil ratifies and confirms the will, which gives them nothing, and the latter part of the second codicil divides the remaining property "equally among my heirs at law," we think, namely: I. M. Brown and Minnie Britton Brown, the two children who had not been previously provided for and only provided for by the will. They were the heirs at law referred to. We think this construction is further borne out by the reason of the

fact that in Item 12 of the will, before he appoints the executor, he gives certain life insurance "to my beloved daughter Minnie Britton (Brown) and Isaac McCony (Brown) *to share and share alike.*" Further in the contracts both N. H. Brown and Tulie C. Brown agree that they have received their full share of property *"whereof I am heir."* We think they have no rights under the will. If anything more was intended to be given them, the testator could have so said. We must construe the will and codicils together—the last codicil ratifies and confirms the will that gave N. H. Brown and Tulie C. Brown, father of Bruce Brown, nothing, and the will refers to the contracts in which they agree that they have received their full share.

It is said in *Patterson v. McCormick,* 181 N. C., at p. 313 : "It must be construed, 'taking it by its all four corners' and according to the intent of the testator as we conceive it to be upon the face thereof and according to the circumstances attendant. We can derive but little help from adjudicated cases upon facts more or less different from those in this case, for hardly ever can the facts and the language be identical in any two cases. In the construction of a will, therefore, 'Every tub must stand on its own bottom,' except as to the meaning of words and phrases of a settled legal purport. The object is to arrive at, if possible, the intention and meaning of the testator as expressed in the language used by him." *Edmonson v. Leigh,* 189 N. C., 196; *Scales v. Barringer,* 192 N. C., 94; *Walker v. Trollinger,* 192 N. C., 744.

For the reason given the judgment below is

Affirmed.