META TOMS, INDIVIDUALLY AND AS EXECUTRIX OF THE LAST WILL AND TESTAMENT OF CHARLES FRENCH TOMS, SR., DECEASED, v. HORTENSE BROWN, M. F. TOMS, JR., NANCY TOMS, ROBERT TOMS, CHARLES FRENCH TOMS, III, PRESENT LIVING GRANDCHILDREN OF CHARLES FRENCH TOMS, SR., DECEASED, VESTRY OF THE ST. JAMES EPISCOPAL CHURCH, HENDERSONVILLE, NORTH CAROLINA, AND ALL UNKNOWN DEVISEES, WHETHER IN BEING OR NOT IN BEING, UNDER THE WILL OF CHARLES FRENCH TOMS, SR., DECEASED.

(Filed 23 March, 1938.)

1. **Executors and Administrators § 15i—Under terms of this will mortgage debt was proper charge against estate to be paid from other assets.**

    The will in question directed that testator's wife, as his executrix, should be allowed to discharge out of any income of the estate or from funds derived from the sale of property, a mortgage indebtedness against certain property held by the entireties, so that she might have a home. *Held:* Under the terms of the will, in accordance with the expressed intent of the testator, the amount of the mortgage indebtedness is a proper charge against the estate, and the executrix is entitled to sell other lands of the estate to make assets to pay same.

2. **Executors and Administrators § 12b—Will held to confer power on executrix to sell realty without court order.**

    Testator left his property, both real and personal, to his wife for life with remainder to his children, and directed the payment of certain debts, and by codicil affirmed the disposition of the property made by the will, and directed that enough property be sold to pay a certain sum to the vestry of a church. The will provided that his wife, as executrix, should have full power to sell the property and execute deeds therefor, and that her opinions and conclusions in the management of the estate should be final and conclusive. *Held:* Under the terms of the will and codicil the executrix was given plenary power to sell and convey the realty without court order.

Toms *v.* Brown.

**3. Wills §§ 13, 31—**

The revocation of a will by implication in a codicil is not favored, and when a codicil is attached to a will and does not import revocation, but explains, alters and adds to the will, the will and codicil will be construed together to ascertain the intent of the testator.

APPEAL by defendants from *Alley, J.,* at January Civil Term, 1938, of BUNCOMBE. Affirmed.

This is a special proceeding brought by plaintiff against defendants to sell land to make assets. N. C. Code, 1935 (Michie), sec. 74.

The judgment, which indicates the controversy, is as follows:

"This cause coming on to be heard at the January Term, 1938, of the Superior Court of Buncombe County, and being heard upon the agreed statement of facts appearing in the record, which are incorporated herein and made a part of this judgment, and upon the further facts as alleged in the petition and admitted in the answer, and all parties to this proceeding being represented by counsel except the vestry of the St. James Episcopal Church of Hendersonville, North Carolina, who was duly served by summons in this action but filed no answer, and all parties, through their counsel, having conceded, both in the agreed statement of facts and by admissions in open court, that the right of the plaintiff to sell the land described in the petition for the purpose of creating assets with which to pay debts and legacies under the will and codicil of Charles French Toms, Sr., deceased, is dependent upon the construction of the will and codicil of the testator and the ownership of certain bonds mentioned in the agreed statement of facts, and after hearing the argument of counsel on both sides, the court is of the opinion that the will of Chas. French Toms, Sr., dated 10 April, 1933, and the codicil thereto, dated 11 September, 1936, both of which were probated in solemn form in the Superior Court of Henderson County at the May-June, 1937, Term, must be construed together, and being so construed, the court is of the opinion as a matter of law, and so holds, that the $8,000 indebtedness against the estate as set out in the petition, and further set out in the third paragraph (h) of the will of Charles French Toms, Sr., is a valid charge against said estate and must be paid.

"The court further finds as a fact that there is not sufficient personal property assets with which to pay said debts of the estate, and that a sale of the real estate described in the petition is necessary, as a matter of law, for the purpose of creating additional assets with which to pay debts, legacies, and other proper charges against said estate.

"The court, having held that the said $8,000 item is a proper charge against said estate, does not deem it necessary to pass upon the question of the ownership of the bonds referred to in the petition, for the reason

Toms v. Brown.

that, even though said bonds be adjudged to be an asset of the said estate, and be added to the other personal assets as set out in the petition, it would still be necessary as a matter of law to sell the land described in the petition.

"And the plaintiff, who is the duly qualified executrix under the will and codicil of Charles French Toms, Sr., deceased, having requested the court to further construe said will upon the question of whether or not she has the power under the will to sell real estate belonging to the estate without resort to court action, and the court finding as a fact that all parties necessary to the adjudication of this question are properly before the court, and it having been made to appear to the court that if said executrix has such power under the will, the estate will be saved large sums hereafter in the elimination of fees and court expenses in court sales, and said will and codicil being construed upon this question, the court is of the opinion, and so holds, as a matter of law, that Meta Toms, the executrix named in said will, has full power and authority conferred upon her by said will to sell any part or all of the real estate belonging to Charles French Toms, Sr., at the time of his death.

"It is further ordered that this cause be remanded to the clerk of the Superior Court of Buncombe County, North Carolina, for an order directing the sale of the real estate described in the petition, and for such further action as by law required.

"It is further ordered that the cost of this proceeding shall be assessed by the clerk and paid from the proceeds of the sale. This 20 January, 1938.

FELIX E. ALLEY,<br>
Judge Presiding and Holding the Courts of<br>
the Nineteenth Judicial District."

To the foregoing judgment defendants excepted, assigned error and appealed to the Supreme Court. The necessary facts will be set forth in the opinion.

R. L. Whitmire for plaintiff.
M. M. Redden for defendants.

CLARKSON, J. The questions necessary to be considered for the determination of this appeal:

1. Is the $8,000 item referred to in the petition a proper charge against the estate of Charles French Toms, Sr.? We think so under the language of the will.

Item 3rd (h) of the last will and testament of Charles French Toms, Sr., is as follows: "That upon my death my wife, as my executrix,

Toms *v.* Brown.

shall be allowed to fully discharge, out of the income of my estate, or out of any money or funds arising from the sale of property belonging to the estate, or any other income derived by the estate, a certain deed of trust for $8,000 against the K. G. Justus house and lot, owned by us jointly on the Flat Rock Road, and when she shall have discharged such mortgage, or any mortgage given in lieu thereof, and paid the same, the property shall belong to her and she shall not be required, either in law or in equity, to account for the same, it being understood that this is an outright gift to her for the purpose of allowing her to have a home."

It will be noted that the property was held by Charles French Toms, Sr., and his wife, Meta Toms, as tenants by the entirety. Both are seized by the entirety *per lout et non per my.* To make it sure that the $8,000 secured by a deed in trust made jointly by himself and wife on property held by the entirety should be paid out of his estate, he so specifically wills and bequests "for the purpose of allowing her to have a home."

2. Does the will and codicil attached to the petition confer power upon the executrix to sell real estate belonging to the estate? We think so.

In Charles French Toms, Sr.'s will, made 10 April, 1933, are the following provisions: (1) His entire estate was left to his wife for life with remainder to his children. (2) His wife as executrix was fully empowered to convey real estate. (3) He directed that the $8,000 should be paid from his estate. (4) He acknowledged certain indebtedness due his wife and directed that this be paid from his estate. In the codicil of 11 September, 1936, he expressly referred to his will of 10 April, 1933, and stated in the codicil that he has attached the two together. He says in his codicil that the indebtedness to his wife mentioned in his will has been paid without interest, and that he wishes her to have a building known as the Candy Kitchen to cover interest. The will is otherwise changed as follows: (1) He again leaves all his property to his wife with remainder to his grandchildren. He directs that she dispose of enough of said property to pay the vestry of St. James Episcopal Church of Hendersonville, North Carolina, the sum of one thousand ($1,000) dollars in cash, "which I desire them to use in the most useful manner that they may see fit in the advancement of the gospel."

A codicil does not import revocation but an addition, explanation, or alteration of a prior will. The courts are adverse to the revocation of a will by implication in a codicil. *Baker v. Edge,* 174 N. C., 100.

A will and codicil are to be construed together so that the intention of the testator can be ascertained from both. *Brown v. Brown,* 195 N. C., 315 (320).

In the will Item 3(b) is as follows: "She shall have the power to sell and convey any part of the property and make good and sufficient deeds to purchasers therefor, who shall receive a good title to the same."

Item 3(g): "That in the management of my estate her conclusions and opinions shall be conclusive and final and are not to be interfered with."

The power given in the will to the executrix to sell and convey is plenary. *Wells v. Williams,* 187 N. C., 134. The codicil does not revoke this, but the sale to pay the $1,000 to the church is a supplemental bequest and that the payment be in cash.

The judgment of the court below we think is correct in all respects and for the reasons given is

Affirmed.