## COPPEDGE v. COPPEDGE.

(Filed 15 November, 1951.)

**1. Wills § 16—**

The probate of a will in common form is conclusive and may be attacked only in a direct proceeding upon the issue of *devisavit vel non.*

**2. Wills § 39—**

In an action to construe a will probated in common form, the issue of *devisavit vel non* is not before the court and the will may not be collaterally attacked therein.

*L. L. Davenport and Cooley & May for petitioners.*

BARNHILL and ERVIN, JJ. On petition to rehear.

The petitioners misapprehend the force and effect of the decision herein. This Court has not adjudged that the paper writing referred to in the pleadings is the last will and testament of J. W. Coppedge, deceased. It was so adjudged by the clerk of the Superior Court when the paper writing was probated in common form. That adjudication is conclusive and binding on this Court and the parties in this action. *Holt v. Holt,* 232 N.C. 497; *Brissie v. Craig,* 232 N.C. 701. It may not be collaterally attacked as here attempted, for the Superior Court cannot determine whether an instrument is or is not a will except upon an issue of *devisavit vel non* duly raised in a caveat proceeding as provided by law. *Brissie v. Craig, supra; Holt v. Holt, supra.* Therefore, the defendants have no standing in this action to assert and maintain their defense that Exhibit A attached to and made a part of the complaint is not in fact the last will and testament of the deceased. That claim must be asserted, if asserted at all, in another and different proceeding. *Holt v. Holt, supra.*

The sole purpose of the action is to have the court construe the will, duly established by probate, and instruct the administrator *c.t.a.* as to the proper distribution of the assets of the estate. After careful consideration, we are constrained to adhere to the construction placed on the paper writing in the original opinion herein, *Coppedge v. Coppedge, ante,* p. 173.

Petition denied.