VICTOR YOUNT AND GARLAND MARSHALL, EXECUTORS OF THE ESTATE OF
    GEORGE HENRY YOUNT v. MRS. PEARL YOUNT, WIDOW, STUART
    L. YOUNT, LOUISE YOUNT STEVENS, MARY E. YOUNT, MAYE
    YOUNT, BILLY YOUNT, HELEN YOUNT, BOBBY LON YOUNT AND
    G. LONNIE YOUNT.

(Filed 12 December 1962.)

**1. Appeal and Error § 4—**

Executors are not parties aggrieved by a judgment construing the
dispositive provisions of a will and therefore may not appeal therefrom,
but may appeal from the construction of the will and codicil as to the
designation of the executors.

**2. Declaratory Judgment Act § 1; Wills § 8—**

Adjudication of the clerk in probating a will that the designation of
the executors opposite the names of the subscribing witnesses constituted
a part of the will is conclusive until vacated on appeal or declared void
in a direct proceeding, and may not be questioned in a proceeding under
the Declaratory Judgment Act to construe the instrument. *Semble:* Since
the testator is not required to subscribe his signature, such designation is
effective.

**3. Wills § 28—**

The will and the codicil thereto must be construed together as a single
instrument taking effect at the time of testator's death, and as a general
rule provisions of the codicil will not be construed to revoke provisions
of the will relating to the same subject matter unless they are so in-
consistent as to exclude any legitimate inference other than that testator
had changed his intention, construing both instruments as a whole to
ascertain such intent.

**4. Wills § 27; Executors and Administrators § 1—**

The rule that a will must be construed as a whole to effectuate the
intent of the testator applies to its provisions appointing an executor
as well as to any other provisions of the instrument.

**5. Same—**

The will designated P and V executors and the codicil designated V and
M as executors. *Held:* V and M are the sole executors.

**6. Wills § 33—**

The will designated the home place together with all equipment and
furnishings to testator's daughter "providing that my wife * * * have a
dowry right as long as she lives, together with co-ownership and co-
management of the home place." *Held:* The wife takes a life state in
common with the daughter in the home place and its equipment and furn-
ishings, and the daughter takes the fee in remainder.

**7. Same—**

The will gave testator's wife a life estate in his home place and its
furnishings in common with testator's daughter and provided "(A)lso
life insurance", stock in corporations and moneys in banks or elsewhere.
*Held:* The wife was the sole owner of the insurance, stock and money.

YOUNT *v.* YOUNT.

PARKER, J., dissenting in part.

APPEAL by petitioners and by defendant, Louise Yount Stevens, from *Froneberger, J.,* May 1962 Term of CALDWELL.

This action was instituted by petitioners under the Declaratory Judgment Act (G.S. 1-253, *et seq.*) to secure an interpretation of the will and codicil of George Henry Yount who died on January 6, 1962. He was survived by children, grandchildren, and his wife, M. Pearl Yount. His will, dated December 18, 1941, was typed and his signature attested by two persons. Below the signature of the testator and opposite the signatures of the witness are the following words: "Executors M. Pearl Yount and/or J. Victor Yount." The codicil is dated May 14, 1952. In it immediately preceding the signatures of the testator and witnesses, appears the following: "Executors, Victor Yount and Garland Marshall."

When the will and codicil were probated on January 11, 1962, the Clerk of the Superior Court designated J. Victor Yount, Garland Marshall, and M. Pearl Yount as executors.

Paragraphs two, three, and four of the will advise certain tracts of land to each of the three sons of the testator. The death of one, and his displeasure with another, caused him to execute the codicil which revoked the gifts to them and made other dispositions of that property. With these provisions we are not concerned. The following paragraphs of the will create the problem:

> (5) "To L. Louise Yount Stevens, the home place containing 11 acres, more or less together with all buildings, furnishings, tools, livestock, or that part remaining at my death if any, provided that my wife, M. Pearl Yount, have a dowry right as long as she shall live together with co-ownership and co-management of the home place and all equipment. . . ."

> (8) "To my wife, M. Pearl Yount, Dowry Right, co-ownership, and co-management of the Home Place with L. Louise Yount Stevens. Also, Life Insurance, all stock in Falls Mfg. Co. or other stock and moneys in bank or elsewhere."

Petitioners, Victor Yount and Garland Marshall, instituted this action for the purpose of having the court answer three questions:

1. Was M. Pearl Yount properly named an executor?

2. Who owns the fee in the home place described in paragraph 5 and how is the title to its furnishings and equipment held?

3. Do M. Pearl Yount and L. Louise Y. Stevens own the stock, money, and insurance bequeathed in paragraph 8 or does this personal property belong entirely to the widow?

The trial judge held that M. Pearl Yount was properly designated as one of the executors in the will and that such designation was not revoked by the codicil; that Mrs. Yount and Mrs. Stevens owned the home place with its equipment and furnishings in fee as equal tenants in common; and that the insurance, stock, and money were owned entirely by Mrs. Yount. The petitioners and Mrs. Stevens appealed, assigning as error each of the foregoing rulings.

*L. H. Wall for Victor Yount, Garland Marshall, Executors, and Louise Yount Stevens, petitioner appellants.*
*Earl F. Shuford for Mrs. Pearl Yount, respondent appellee.*

SHARP, J. Mrs. Stevens, a devisee whose interests have been adversely affected by the judgment of the court below, is an aggrieved party who may appeal. Her assignments of error are identical with those of petitioners who have appealed in their representative capacity. However, as executors, they are not aggrieved by the ruling which adjudicated the conflicting claims of Mrs. Stevens and Mrs. Yount (the subjects of assignments of error Nos. 2 and 3), and they may not appeal therefrom. *Dickey v. Herbin,* 250 N.C. 321, 108 S.E. 2d 632; *Ferrell v. Basnight,* 257 N.C. 643, 127 S.E. 2d 219.

Petitioners, as the executors named in the codicil, are interested in the answer to the question, "Whose is the right to administer the estate?" When a third person seeks to share in the management of the estate and in their commissions, they may contest his right to letters of administration and appeal from an order appointing him. 33 C.J.S., Executors and Administrators, Section 57(b); *In re Healy,* 122 Cal. 162, 54 Pac. 736.

Appellants contend that the words "Executors M. Pearl Yount and/ or J. Victor Yount" are ineffectual because they were typed below the signature of the testator and in line with the signatures of the witnesses. This record shows no contention that they were inserted without the knowledge or consent of the testator or that they are a forgery.

When the Clerk of the Superior Court probated the will in question in common form he adjudicated that the words appellants now seek to question were a part of the will of the testator. That adjudication is conclusive and binding on this Court and the parties to this action until vacated on appeal from the clerk or declared void in a direct proceeding instituted for that purpose. *Coppedge v. Coppedge,* 234 N.C. 747, 67 S.E. 2d 463; *Starnes v. Thompson,* 173 N.C. 466, 92 S.E. 259; *Walters v. Children's Home,* 251 N.C. 369, 111 S.E. 2d 707; *Brissie v. Craig,* 232 N.C. 701, 62 S.E. 2d 330; *In re Will of Puett,* 229 N.C. 8,

47 S.E. 2d 488; *McDonald v. McLendon*, 173 N.C. 172, 91 S.E. 1017; *In re Johnson's Will*, 182 N.C. 522, 109 S.E. 373; *In re Smith's Will*, 218 N.C. 161, 10 S.E. 2d 676; *In re Hine's Will*, 228 N.C. 405, 45 S.E. 2d 526.

In this action the court below had jurisdiction to construe the duly probated will but not to nullify any part of it. Our derivative jurisdiction extends no further. *Lovegrove v. Lovegrove*, 237 N.C. 307, 74 S.E. 2d 723. "The Declaratory Judgment Act, G.S. Ch 1, Article 26, is designed to provide an expeditious method of procuring a judicial decree construing wills, contracts and other written instruments and declaring the rights and liabilities of parties thereunder. It is not a vehicle for the nullification of such instruments. Nor is it a substitute or alternate method of contesting the validity of wills." *Farthing v. Farthing*, 235 N.C. 634, 70 S.E. 2d 664, *Bennett v. Attorney General*, 245 N.C. 312, 96 S.E. 2d 46.

It is noted, however, that the North Carolina Statutes have never required a testator to subscribe his signature to his will. *In re Will of Williams*, 234 N.C. 228, 66 S.E. 2d 902; *Paul v. Davenport*, 217 N.C. 154, 7 S.E. 2d 352.

It is further noted that the signatures of the witness to the will under consideration were subscribed. No dispositive provisions, i.e., those relating either to the disposition or administration of the estate, are written below their signatures. *In re Mackris' Estate*, 124 N.Y.S. 2d 891.

We come now to consider the construction of the will and codicil. They must be considered together as a single instrument taking effect at the time of the testator's death. *Smith v. Mears*, 218 N.C. 193, 10 S'.E. 2d 659; *Armstrong v. Armstrong*, 235 N.C. 733, 71 S.E. 2d 119. The first question is whether the designation of Victor Yount and Garland Marshall as executors in the codicil revoked the designation in the will of "M. Pearl Yount and/or J. Victor Yount" as executors?

In the absence of express words of revocation, it is a rule of construction that for a codicil to revoke any part of a will its provisions must be so inconsistent with those of the will as to exclude any other legitimate inference than that the testator had changed his intentions. *Armstrong v. Armstrong, supra.* However, rules of construction must bend to the testator's intention which is to be ascertained by taking the instrument by its four corners. *Smith v. Mears, supra; Brown v. Brown*, 195 N.C. 315, 320, 142 S.E. 4.

The rule that a will must be construed to effectuate the intent of the testator applies to the appointment of an executor as well as to any other provisions of the will. *In re Johnson's Estate*, 233 N.C. 570, 65 S.E. 2d 12.

Cases construing the appointment by codicil of other or additional executors than those named in the will are apparently few indeed. None have been called to our attention by counsel. In 57 Am. Jur., Wills, Section 480, we find the following: "It seems that a codicil does not import a revocation of the appointment of an executor made in the will,. although the codicil appoints an executor, unless the latter appointment is of a 'sole' executor." As authority for this statement the author cites Anno. 51 A.L.R. 710. The annotation relies solely on three English cases: *Evans v. Evans* (1849) 17 Sim. 86, 60 Eng. Rep. 1060; *In the Goods of Daniel Lowe* (1864), 3 Swabey and T 478, 164 Eng. Rep. 1361; *In the Goods of John Howard* (1869) L.R.I., Prob. and Div. 636.

In *Evans,* testator gave the residue of his estate to his niece D and appointed her executrix. By a codicil, he appointed A and B his residuary legatees and executors. Held, the gift to D was revoked but her appointment as executrix was not revoked by the appointment of two other persons for the same purpose. In *Lowe,* testator appointed L and B executors of the will; the codicil named his wife "sole executrix." Held, the appointment of testator's widow as sole executrix was tantamount to a revocation of the appointment of the executors named in the will since it clearly implied an intention that no other person should be associated with her in the office of executor. In *Howard,* the will oppointed C and S executors and guardians. In a second codicil testator said, "I absolutely revoke and make void all bequests and dispositions in my said will and I bequeath all my property to . . . W, and I appoint HH and RH executors and MW executrix." Held, "(T)he legal operation of a codicil is to confirm such parts of the will to which it refers as is does not revoke." The court decreed that all five were named as executors.

Except for *Lowe,* which is clearly correct, these cases are not persuasive. In the will in the instant case, the testator said, "Executors M. Pearl Yount and/or J. Victor Yount." In the codicil he said "Executors, Victor Yount and Garland Marshall." If a testator's executors are A and B, they are not A, B, and C. If in his will a testator names X and Y as his executors and in a codicil names A and B, without more, it seems to us that A and B are in substitution for X and Y and not in addition to them. If testator Yount had not meant a substitution, we think that he would have used the phrase "in addition to" or some other words of like import. It is significant that J. Victor Yount is named executor in both the will and the codicil. If the testator had only intended to add the name of Garland Marshall to the roster of executors, he would not have repeated the name of J. Victor Yount.

We hold that the answer to the first question is: J. Victor Yount and Garland Marshall are the sole executors of the estate of George Henry Yount. Appellants' assignment of error No. 1 is therefore sustained.

The answer to the second question posed requires a construction of paragraphs 5 and 8 of the will, the pertinent portions of which follow:

>     (5)  "To L. Louise Yount Stevens, the home place . . . provided that my wife, M. Pearl Yount, have a dowry right as long as she shall live, together with co-ownership and co-management of the home place and all equipment. . . ."

>     (8)  "To my wife, M. Pearl Yount, dowry right, co-ownership and co-management of the home place with L. Louise Yount Stevens."

We must attempt to divine the intent of the testator from the will itself since the record consists only of the documents involved. It contains no evidence of "the circumstances attendant" when the will was made. *Trust Co. v. Wolfe*, 243 N.C. 469, 91 S.E. 2d 246. Apparently, however, the wife and daughter were living with the testator in the home place at the time and he desired this arrangement to continue during the wife's lifetime. The trial judge construed the will to give the wife and daughter equal shares in fee. We do not think this was the testator's intention.

Webster's Third New International Dictionary treats dowry as a variation of dower. The definition in both the Second and Third Editions of Webster's is four-fold: (1) The portion of or interest in the real estate of a deceased husband that is given by law to his widow during her life; (2) The money, goods or estate which a woman brings to her husband in marriage; (3) A gift of property by a man to or for his bride; and (4) Gift of nature, talent, endowment. The third definition refers to the dowry of Biblical times, a gift by a suitor to the father of the bride (Genesis 24-12); the second, to the dowry or dot of the Roman and French law which was the marriage portion the wife brought to her husband in land or money. Ballentine's Law Dictionary; *Corporation Commission v. Dunn*, 174 N.C. 679, 683, 94 S.E. 481.

It is obvious that the testator Yount did not use *dowry* in the sense of either the second, third, or fourth definitions. We think he employed it in the meaning of the first definition, the way the word is often used in the vernacular. In *Wendler v. Lambeth*, 163 Mo. 428, 63 S.W. 684 (1901), testator devised one hundred acres to his nephew with the provision that if his sister in Germany came to the United States

she should have a *dowry* in forty acres. In holding that the devise gave the sister a life estate in the forty acres with remainder to the nephew, the court said: "(T)he compiler of Webster's International Dictionary says, 'Dower in modern use is and should be distinguished from dowry. The former is a provision for a widow on her husband's death; the latter is a bride's portion on her marriage. . . .' It is our duty to determine the intention of the testator if we can, notwithstanding his inaccuracy of language. . . .If we ascribe to 'dowry' its technical meaning, it would be utterly senseless in the connection in which it is used. If we give it a popular meaning as a portion or provision, it can well mean a use for life of the 40 acres designated, and such we feel sure was the testator's intention and that must govern. . . ."

In the instant case, each time he mentioned the home place, the testator made it plain that the right of the widow therein was a "dowry right." This phrase twice preceded her right of co-ownership and co-management. *Dower or dowry,* whether technically or popularly employed, has never denoted a fee. We think and so hold, that it was the testator's intent to give to the daughter and the widow each a life estate in the home place, and to give the fee to the daughter. Since the daughter has an undivided half interest in the property for life and a remainder in fee in the whole, the greater and lesser estates coincide and merge in her to the extent of her one-half interest. *Trust Co. v. Watkins,* 215 N.C. 292, 1 S.E. 2d 853.

The answer to the second question is: M. Pearl Yount has a life estate in an undivided one-half of the home place, its equipment and furnishings, and L. Louise Yount Stevens owns the fee in one-half of the property with a remainder in fee in the other half, subject to the life estate of M. Pearl Yount. Assignment of error No. 2 is sustained.

The third question, the subject of assignment of error No. 3, is whether Mrs. Yount owns the insurance, stock, and money undividedly or jointly with Mrs. Stevens. Mrs. Stevens concedes in her brief that if the court should hold that she owns the fee in the home place "the court might well hold that the insurance, stock and money, should go to the widow, M. Pearl Yount." We so hold. We think it clearly was the intent of the testator to give this property to the widow. The trial judge correctly answered the question. Assignment of error No. 3 is overruled.

This case is remanded to the Superior Court for judgment in accordance with this opinion.

Error and remanded.

PARKER, J. Dissenting in part. "A codicil is a supplement to a will, annexed for the purpose of expressing the testator's after-

thought or amended intention. [Citing authority.] It is to be construed with the will itself, and the two are to be considered as constituting a single instrument." *Smith v. Mears*, 218 N.C. 193, 10 S.E. 2d 659. As a general rule, the courts are opposed to assuming that a codicil revokes a will by being inconsistent therewith. It seems to be settled law that a codicil does not revoke a will unless the testator's intention to revoke is clear; and, consequently, there must be an absolute, clear and irreconcilable inconsistency between the will and the codicil in order that the codicil may revoke the will by being inconsistent therewith. *Baker v. Edge*, 174 N.C. 100, 93 S.E. 462; Page, Revised Treatise on the Law of Wills, Vol. 2, p. 419, where many cases from many jurisdictions are cited. In *Toms v. Brown*, 213 N.C. 295, 195 S.E. 781, the Court said: "A codicil does not import revocation but an addition, explanation, or alteration of a prior will. The courts are adverse to the revocation of a will by implication in a codicil. [Citing authority.] A will and codicil are to be construed together so that the intention of the testator can be ascertained from both. [Citing authority.]"

In *Page, ibid*, Vol. 4, p. 84, it is stated: "Where a codicil is appended to a will and does not contain any clause of revocation, the provisions of the will are to be disturbed only as far as are absolutely necessary to give effect to the provisions of the codicil; and in other respects such a will and codicil are to be construed together." *Page* cites cases from England and from 27 states, including several from North Carolina, in support of the text.

In the *Goods of Daniel Lowe* (1864), 3 Swabey and T 478, 164 Eng. Rep. 1361, a testator in his will appointed W. L. and W. B. executors, and in a codicil to the will named his wife "sole executrix of this my said will." The Court held that the appointment in the will of W. L. and W. B. as executors was revoked. In this case, Sir J. P. Wilde said: "The Registrars are always very properly reluctant to take upon themselves to exclude from the probate executors whose appointment is revoked only by inference. I think, however, here I cannot give effect to the word 'sole' when the testator says in the codicil, 'I appoint my wife sole executrix of my said will,' without excluding the executors appointed in the will. Probate may therefore go to the widow, as prayed."

In my opinion, the decisions in *Evans v. Evans* (1849) 17 Sim. 86, 60 Eng. Rep. 1060, and in *In the Goods of John Howard* (1869) L.R. 1, Prob. and Div. 636, which are set forth in the majority opinion, when read in connection with *In the Goods of Daniel Lowe*, are convincing. In my judgment, the testator by his codicil did not revoke, and it should not be held by inference that he did revoke, the ap-

pointment of executors that he named in his will. The legal operation of the testator's codicil to his will is to confirm such parts of the will to which it refers as it does not revoke. My vote is M. Pearl Yount, J. Victor Yount, and Garland Marshall, all three, are entitled to serve as executors.