EDWARD B. HOLLOWELL v. RAY HOLLOWELL AND WIFE, MAXINE B. HOLLOWELL

---

EVELYN H. TAPPAN v. RAY HOLLOWELL AND WIFE, MAXINE B. HOLLOWELL

No. 731SC168

(Filed 23 May 1973)

Wills § 29— devise of land with charge thereon — effect of codicil on charge

Where an item of testator's will devised real property to testator's son subject to a monetary charge in favor of two of the testator's other children, a codicil which canceled the devise to the son and in lieu thereof devised the property to the son and his wife as tenants by the entirety did not eliminate the charge upon the land in favor of the testator's other two children.

APPEAL by plaintiffs from *Blount, Judge,* 6 November 1972 Civil Session of CHOWAN Superior Court.

Plaintiffs filed similar complaints against the defendants alleging that under their father's will and codicil the defendants' devise of certain real property was subject to a monetary charge in favor of the plaintiffs which charge had not been paid. The Complaint further alleged that the testator died in March 1962 and that the defendants had accepted the realty devised and are now in possession of it. The defendants admitted all allegations of the complaint, except that they are indebted to the plaintiffs. Plaintiffs' motions for summary judgment (with the verified complaints as affidavits) or for judgment on the pleadings were denied, and plaintiffs appealed.

*White, Hall & Mullen by Gerald F. White and Herbert T. Mullen, Jr., for plaintiffs appellant.*

*Pritchett, Cooke & Burch by Stephen R. Burch for defendants appellee.*

CAMPBELL, Judge.

The two cases were consolidated for trial. There was also filed a petition for certiorari in the event it should be construed that the appeal was premature. All parties took the position that the cases presented only a question of law and that none of the facts were in dispute, and a final decision was desired rather than the case being remanded for any further factual determination.

There is presented the interpretation of the will and codicil thereto of R. H. Hollowell.

R. H. Hollowell died in March 1962 leaving surviving a widow, Leora, who has since died; a son, Edward, who lives in Mississippi; a daughter, Evelyn, who lives in Florida; a son, Norman, who lives in Chowan County, North Carolina; and a son, Ray, one of the defendants, who lives in Chowan County, North Carolina.

In Item Two of the Will which was executed 28 January 1957, the testator left all of his property to his wife for life. In Item Three, subject to the life estate of the wife, certain designated farm lands were devised to Norman subject to a charge in favor of Edward and Evelyn. In Item Four, subject to the life estate of the wife, certain farm lands were devised to Ray subject to certain charges in favor of Edward and Evelyn. In Item Five, subject to the life estate of the wife, another designated farm was devised to Ray subject to a charge in favor of Edward, Evelyn and Norman. In Item Seven, subject to the life estate of the wife, all of the residue was left to Edward, Norman, Ray and Evelyn in equal shares.

The codicil was dated 6 March 1959 and provides:

"ITEM ONE: Item Five in said Will is hereby cancelled in its entirety.

ITEM TWO: In Item Four of said Will certain real property is devised to my son, Ray Hollowell, subject to the life estate of my wife, Leora Hollowell. I hereby cancel such

devises to my son, Ray Hollowell, and in lieu and substitution thereof do hereby will and devise the properties devised in said item to my son, Ray Hollowell and his wife, Maxine B. Hollowell, as tenants by the entireties, subject, however, to the life estate of my wife, Leora Hollowell.

ITEM THREE: In Item Seven of my said will certain properties are devised and bequeathed to my son, Ray Hollowell, subject to the life estate of my wife, Leora Hollowell. Such devises and bequests are hereby cancelled and such properties as would otherwise be devised and bequeathed to Ray Hollowell, I hereby devise and bequeath to Maxine B. Hollowell.

And except as my said will is expressly or by necessary implication changed by this Codicil and is in conflict therewith, I do hereby ratify, republish and re-affirm my said Last Will and Testament and each and every part thereof."

The defendants assert that the effect of the codicil was to eliminate in Item Four of the Will the charges in favor of Edward and Evelyn; and that Ray and his wife, Maxine, took the farm lands devised in Item Four of the Will discharged of those charges. The plaintiffs assert otherwise. The trial judge ruled in favor of the defendants, Ray and Maxine. From this ruling each plaintiff appealed.

"A codicil does not import revocation but an addition, explanation, or alteration of a prior will. The courts are adverse to the revocation of a will by implication in a codicil. . . . A will and codicil are to be construed together so that the intention of the testator can be ascertained from both." *Toms v. Brown*, 213 N.C. 295, 195 S.E. 781 (1938). "In the absence of express words of revocation, it is a rule of construction that for a codicil to revoke any part of a will its provisions must be so inconsistent with those of the will as to exclude any other legitimate inference than that the testator had changed his intentions." *Yount v. Yount*, 258 N.C. 236, 128 S.E. 2d 613 (1962).

The effect of this codicil was to place the testator's homesite devised in Item Five, in the residuary clause of his will; to include Ray Hollowell's wife, Maxine, as a beneficiary with Ray as a tenant by the entirety; and to substitute Maxine for Ray as residuary beneficiary.

The gist of the will was to give two sons land, and to give the other son and one daughter cash. The gist of the codicil was to include Ray Hollowell's wife as a beneficiary of the testator's estate. Neither the will nor codicil when read together show an intent on the part of the testator to revoke Item Four of the will in its entirety. The cash bequest, by way of a charge, to his other two children in Item Four remained valid.

Such holding is consistent with the ruling in *Baker v. Edge*, 174 N.C. 100, 93 S.E. 462 (1917), in which there was a codicil to the testator's will stating that "I hereby revoke and annul the devise or bequest . . . [to] John Baker . . . in item 12 of said will, and in lieu thereof. . . ." The court held that such codicil does not revoke the entire item 12 of the will, but only revokes the devise to John of the realty mentioned. Citing from another source the court said: " 'Thus a change of devisees to whom land is given, subject to a rent charge, will not revoke the rent charge, but the substituted devisee will take the land *cum onere.*' "

As the provision of the codicil and the provision for the charge on the land in Item Four of the will are not repugnant, they may both stand harmoniously together, and the plaintiff in each case is entitled to recover.

The cause is remanded to the Superior Court for disposition in accordance with this opinion.

Reversed and remanded.

Judges PARKER and VAUGHN concur.