MARVIN C. WHITLEY v. T. WORTH COLTRANE AND MARIANNE B. BELL, EXECUTRIX OF THE ESTATE OF DEANE F. BELL, DECEASED

No. 8219SC1255

(Filed 20 December 1983)

1. **Rules of Civil Procedure § 36 — refusal to permit withdrawal of admission**

   In an action to recover on a promissory note, the trial court did not abuse its discretion in refusing to permit defendant to withdraw an admission of the genuineness of a surety's signature on the note which resulted from defendant's failure to answer plaintiff's request for an admission, especially where plaintiff's other competent evidence of the genuineness of the signature was unrefuted. G.S. 1A-1, Rule 36(b).

2. **Evidence § 11.5 — action on note — principal debtor's testimony as to deceased surety's signature — Dead Man's Statute**

   In an action on a promissory note, the principal debtor was not prohibited by the Dead Man's Statute, G.S. 8-51, from testifying that the deceased surety had executed the note sued on.

3. **Evidence § 11.5 — Dead Man's Statute — attorney for non-party affiant**

   An attorney for a non-party affiant is not an interested party for purposes of the Dead Man's Statute, G.S. 8-51.

**4. Rules of Civil Procedure § 56.3— summary judgment hearing—admissibility of affidavits**

 In an action by the assignee of a note against a surety thereon, affidavits by the original payee and her attorney met the requirements of G.S. 1A-1, Rule 56(e) and were properly admitted at the hearing on plaintiff's motion for summary judgment.

**5. Bills and Notes § 20— action against surety—summary judgment for plaintiff**

 In an action against the surety on a promissory note, summary judgment was properly entered for plaintiff where plaintiff presented the principal obligor's verified answers to interrogatories stating that he observed the surety sign the original note, and defendant presented no evidence in rebuttal other than an unverified answer denying plaintiff's allegations.

APPEAL by defendant from *Seay, Judge.* Judgment entered 16 August 1982 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 21 October 1983.

Defendant Coltrane and the late Deane F. Bell allegedly executed a note in favor of Lucille King on 18 August 1978 in the amount of $20,000. The loan of $20,000 was to Coltrane, with Bell acting as surety on the note. $1,778.08 was paid on the note. Plaintiff endorsed the note. On 6 April 1981, plaintiff paid $20,000 to satisfy the note which was then assigned to him. On 28 August 1981, plaintiff, as holder of the note, sued defendants for the balance due plus interest. Defendant Marianne Bell, as executrix of the estate of Deane F. Bell, deceased, filed her answer on 3 November 1981.

On 20 November 1981, plaintiff served defendant Marianne Bell with a request for admissions, asking that she admit that the signature on the note was the signature of Deane F. Bell. Defendant Marianne Bell never responded to this request.

On 8 June 1982, plaintiff filed a motion for summary judgment, based on the pleadings, answers to interrogatories, requested admissions of fact, and affidavits of P. Wayne Robbins and Lucille King. A hearing on this motion for summary judgment was held on 16 August 1982. Defendant Marianne Bell moved to withdraw her admission based on her failure to respond to plaintiff's request for admission, claiming that she did "not have a record of ever having received said Request for Admissions and only discovered it had been filed while preparing for a hearing on plaintiff's Motion for Summary Judgment."

The trial judge never ruled on this motion to withdraw the admission. At the conclusion of the hearing on plaintiff's summary judgment motion, the trial judge found that there was no genuine issue as to any material fact. From summary judgment granted in favor of the plaintiff for $18,221.92 plus interest, defendant appeals.

*Gavin and Pugh, by W. Ed Gavin, for plaintiff-appellee.*

*C. Richard Tate, Jr., for defendant-appellant.*

EAGLES, Judge.

[1] Defendant first asserts that the trial judge should have allowed her to withdraw her admission that the signature on the note was in fact the signature of Deane F. Bell. She contends that her failure to answer plaintiff's request for admission, which resulted in an admission of the genuineness of the signature, occurred through mistake or inadvertence. We find that the trial judge committed no error in failing to grant defendant's motion to withdraw her admission.

We first note that Rule 36(b) of the North Carolina Rules of Civil Procedure provides that "the court may permit withdrawal" of the admission, making the ruling upon a motion to withdraw an admission discretionary with the trial court. A trial judge may or may not allow withdrawal of an admission, and we find here no abuse of that discretion.

[2] In any event, defendant's admission of the genuineness of the signature was superfluous in considering plaintiff's motion for summary judgment because plaintiff's evidence on the signature issue was unrefuted. Defendant Coltrane's verified answers to interrogatories stated that defendant Coltrane observed defendant Deane F. Bell sign the original note. Defendant Coltrane is not disqualified as a witness by G.S. 8-51, the "Dead Man's Statute." Although he was a principal obligor on the note and a party to the lawsuit, a principal debtor may testify that the deceased surety executed the instrument sued on. This special rule is based on the fact that the witness' interests are not affected; he remains liable notwithstanding. 1 Brandis, N.C. Evidence § 72 (2d rev. ed. 1982). Because plaintiff presented defendant Coltrane's competent evidence as to Deane F. Bell's execution of the note, defendant

Marianne Bell can show no prejudice by the trial court's failure to grant her motion to withdraw her admission of genuineness of Deane F. Bell's signature.

Defendant's second assignment of error is that the trial court improperly considered the affidavits of Attorney P. Wayne Robbins and Lucille King in ruling on the motions for summary judgment. Rule 56(e) of the North Carolina Rules of Civil Procedure provides that affidavits in support of a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." We find that the affidavits of Robbins and King met these requirements.

[3] The substance of the affidavit of Robbins was that he had represented Lucille King in a lawsuit against T. Worth Coltrane on the note, that he had discussed the matter with Deane F. Bell, and that he had "exhibited the note to Dean [sic] and he acknowledged that he had signed it as a favor to Mr. Coltrane." G.S. 8-51 does not disqualify Robbins as a witness, because Robbins is neither a party nor a person with "direct legal or pecuniary interest" in the outcome of the litigation so as to make him an interested party. 1 Brandis, N.C. Evidence § 69 (2d rev. ed. 1982). Because an attorney for one of the parties to a lawsuit is held not to be an interested party for the purposes of G.S. 8-51, the "Dead Man's Statute," it is abundantly clear that an attorney for a non-party affiant is not an interested party. See, *Propst v. Fisher*, 104 N.C. 214, 10 S.E. 295 (1889); *In re Simmons*, 43 N.C. App. 123, 258 S.E. 2d 466 (1979). Robbins' affidavit was based on personal knowledge and set forth facts that would be admissible into evidence in that the information was relevant to the issue of whether defendant Deane Bell had admitted signing the note.

[4] Both Robbins' and King's affidavits show that the affiants are competent to testify on this matter. Summary judgment may be granted, when otherwise appropriate, on the basis of the moving party's own affidavits if there are only latent doubts as to the affiant's credibility and when, as here, the nonmoving party has failed to come forward with material that raises a genuine issue of fact. *Kidd v. Early*, 289 N.C. 343, 370, 222 S.E. 2d 392, 410 (1976). Neither of these affiants' credibility is suspect on the

grounds of an interest in the outcome or because their testimony concerned matters of opinion involving a substantial margin for honest error. *Id.* at 366, 222 S.E. 2d at 408. We hold therefore that the affidavits of Robbins and King met the requirements of Rule 56(e) and were admissible at the hearing on plaintiff's motion for summary judgment.

[5]　Defendant's final assignment of error is that the trial judge improperly granted summary judgment in favor of plaintiff. Defendant contends that plaintiff failed to present competent evidence to show that Deane F. Bell actually signed the note. We do not agree.

Summary judgment is proper when the pleadings, depositions, interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law. *Johnson v. Phoenix Mutual Life Ins. Co.,* 300 N.C. 247, 266 S.E. 2d 610 (1980). Rule 56(e) provides, *inter alia:*

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

It is true that not every failure to respond to a motion for summary judgment will require the entry of summary judgment. The moving party must satisfy his burden of proving that there is no genuine issue of any material fact. *Kidd v. Early, supra.* However, when the moving party presents an adequately supported motion, the opposing party must come forward with facts, not mere allegations, which controvert the facts set forth in the moving party's case, or otherwise suffer a summary judgment. *Frank H. Connor Co. v. Spanish Inns Charlotte, Ltd.,* 294 N.C. 661, 675, 242 S.E. 2d 785, 793 (1978).

As previously noted, plaintiff presented defendant Coltrane's verified answers to interrogatories, stating that defendant Coltrane observed Deane F. Bell sign the original note. Defendant Marianne Bell presented no evidence in rebuttal, beyond the mo-

tion to withdraw her admission of the genuineness of the signature, which only repeated the denial of the allegations contained in her unverified answer. This did not present facts to controvert the evidence offered by plaintiff in support of his motion for summary judgment. The trial judge properly entered summary judgment in favor of plaintiff.

Affirmed.

Judges WEBB and PHILLIPS concur.