INTERSTATE HIGHWAY EXPRESS, INC. v. S & S ENTERPRISES, INC., JEFF M. STOKLEY AND DENISE STOKLEY

No. 885DC922

(Filed 16 May 1989)

1. **Rules of Civil Procedure § 36— withdrawal of admissions— court's discretion**

    The language of N.C.G.S. § 1A-1, Rule 36(b) clearly gives the trial court the discretion to allow or not to allow a party to withdraw admissions, and in the exercise of that discretion, the court is not required to consider whether the withdrawal of the admissions would prejudice plaintiff in maintaining its action.

2. **Rules of Civil Procedure § 36; Corporations § 1.1— failure to respond to request for admissions— no separate identity of corporation—individuals responsible**

    In an action to recover for transportation services provided by plaintiff to defendants, the trial court properly entered summary judgment for plaintiff where it was conclusively established by failure of the individual defendants to respond to plaintiff's request for admissions that defendant corporation had no separate identity and was the individual defendants' alter ego, and that the individual defendants were themselves indebted to plaintiff for the amount sued for.

APPEAL by defendants Jeff M. and Denise Stokley from *Tucker, Elton G., Judge.* Judgment entered 22 April 1988 in NEW HANOVER County District Court. Heard in the Court of Appeals 20 March 1989.

On 23 March 1987 plaintiff filed a complaint in which it alleged, *inter alia,* that the individual defendants, as shareholders, created and maintained the corporate defendant as an inadequately capitalized corporation; that the corporate defendant never had any separate corporate existence, but had been used for the sole purpose of permitting the individual defendants to transact a portion of their business under a corporate guise; that the conduct of the individual defendants was fraudulent and was an unfair and deceptive trade practice; and that "the defendants" were indebted to plaintiff for transportation services in the net sum of $9,922.00.

Defendants filed a verified answer in which they alleged that there was no corporate enterprise denoted as S & S Enterprises, Inc. in the complaint and in which they denied the other essential allegations of plaintiff's complaint.

On 27 April 1987 plaintiffs served on each defendant a Request For Admissions. In the Request served on defendant S & S Enterprises, Inc., it was requested to admit, *inter alia,* the following:

2. You ordered the transportation services referred to [in the] complaint or they were ordered on your behalf.

3. You received everything you expected to receive from the plaintiff.

. . .

11. The balance herein sued for is due and owing by you to plaintiff.

. . .

20. Every statement or allegation contained in plaintiff's complaint is true and correct.

In the Request served on the individual defendants, they were requested to admit, *inter alia,* the following:

1. S & S Enterprises, Inc., . . . is your alter ego and has no independent identity.

. . .

INTERSTATE HIGHWAY EXPRESS v. S & S ENTERPRISES, INC.

[93 N.C. App. 765 (1989)]

3. S & S ordered the transportation services referred to in the complaint or they were ordered on S & S's behalf.

. . .

12. The balance herein sued for is due and owing by you to plaintiff.

. . .

21. Every statement or allegation contained in plaintiff's complaint is true and correct.

Defendants failed to respond to plaintiff's Request For Admissions, and on 1 October 1987 plaintiff moved for summary judgment.

On 21 April 1988 defendant Jeff Stokley filed an affidavit in which he asserted, *inter alia*, that he was president of S & S Enterprises, Inc. of Wilmington, a North Carolina corporation; that the debt sued for by plaintiff was incurred by that corporation in 1984, and that as of 31 December 1984 that corporation had assets in excess of $100,000.00. Stokley also asserted that he had invested over $100,000.00 "in the defendant corporation" and that he had not entered into any contract with plaintiff "in this claim."

Plaintiff's motion for summary judgment came on for hearing before Judge Tucker on 22 April 1988. Defendants requested that they be allowed to withdraw their admissions, asserting that their failure to respond was due to inadvertence of counsel. The trial court did not specifically rule on defendants' request, but did, at the close of argument, enter summary judgment for plaintiff in the sum of $9,922.00, plus interest. The corporate defendant did not appeal. Plaintiff did not appeal. The individual defendants did appeal, and it is that appeal which is now before us for disposition.

*Robert G. Bowers for plaintiff-appellee.*

*Murchison, Taylor, Kendrick, Gibson & Davenport, by Reid G. Hinson, for defendant-appellants.*

WELLS, Judge.

[1] Defendants assign error to the trial court's denial of their motion to amend or withdraw their admissions. Rule 36(b) of the North Carolina Rules of Civil Procedure provides:

(b) *Effect of admission.* Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 16 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. Any admission made by a party under this rule is for the purpose of pending action only and is not an admission by him for any other purpose nor may it be used against him in any other proceeding.

N.C. Gen. Stat. § 1A-1, N.C. R. Civ. P. 36(b) (1983).

Defendants contend that the trial court erred by not requiring plaintiff to present evidence that withdrawal or amendment would prejudice it in maintaining its action. Defendants attempt to distinguish prior cases holding that the decision whether to permit withdrawal or amendment of admissions is within the trial court's discretion. In *Whitley v. Coltrane,* 65 N.C. App. 679, 309 S.E. 2d 712 (1983), for example, this Court held that the trial court did not abuse its discretion in denying the defendant's motion to withdraw her admission where she had failed to respond to plaintiff's request for admission. Defendants draw attention to the portion of that opinion which states that "defendant's admission . . . was superfluous in considering plaintiff's motion for summary judgment because plaintiff's evidence on the . . . issue was unrefuted." *Id.* Defendants contend that the basis for the court's holding in *Whitley* was the fact that the defendant there could "show no prejudice by the trial court's failure to grant her motion to withdraw her admission. . . ."

The portion of *Whitley* upon which defendants rely is *dicta.* This Court clearly based its decision in that case on the language of Rule 36(b) that provides that the trial court's determination regarding whether to allow a party to withdraw or amend its admission is discretionary. "Rule 36(b) of the North Carolina Rules of Civil Procedure provides that 'the court may permit withdrawal' of the admission, making the ruling upon a motion to withdraw an admission discretionary with the trial court." *Id.*

We hold that the language of the Rule clearly gives the trial court the discretion to allow or not allow a party to withdraw admissions and that in the exercise of that discretion it was not required to consider whether the withdrawal of the admissions would prejudice plaintiff in maintaining its action. We overrule this assignment of error.

[2] Defendants next argue that the trial court erred in entering summary judgment against them. Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, N.C. R. Civ. P. 56(c) (1983).

In addressing this issue, we emphasize that by the failure of the individual defendants to respond to plaintiff's Request For Admissions, it was conclusively established that S & S Enterprises, Inc. had no separate identity, was the Stokley's *alter ego, and* that the Stokleys were themselves indebted to plaintiff for the amount sued for. We therefore hold that the trial court correctly entered summary judgment for plaintiff against the Stokleys.

In a cross-assignment of error, plaintiff contends that the trial court erred in failing to treble its damages and award it attorney's fees and other expenses. As we have noted earlier, plaintiff did not appeal from the trial court's judgment. Under Rule 10(d) of the North Carolina Rules of Appellate Procedure, cross-assignments of error are limited to presenting an alternative basis in law for supporting the judgment entered. Plaintiff has therefore failed to preserve the questions for our review. The judgment of the trial court is

Affirmed.

Chief Judge HEDRICK and Judge EAGLES concur.