IN THE MATTER OF THE ESTATE OF: EDISON BRYAN LOWE, DECEASED

No. COA02-934

(Filed 18 March 2003)

**1. Discovery— admissions—extension of time after 30 days**

The trial court did not abuse its discretion by granting a motion for the extension of time to answer a request for admissions five months after the request was served (which, in effect, allowed the withdrawal of admissions that had been deemed admitted after thirty days).

**2. Wills— revocation—implied—subsequent letter— insufficient**

The trial court did not err by not giving a jury instruction on revocation of a will where the purported revocation was a formally executed letter which stated that the testator had not written a will and would do so only with certain family members present. The writing cannot be considered a will because it made no attempt to devise the testator's property, it is not a codicil because it does not attempt to explain, modify, or revoke a will, and the letter is not sufficient evidence of an implied revocation

IN RE ESTATE OF LOWE

[156 N.C. App. 616 (2003)]

because it was not expressly inconsistent with any provision expressed in the will.

Appeal by caveators from judgment entered 28 December 2001 by Judge Clifton W. Everett, Jr. in Hyde County Superior Court. Heard in the Court of Appeals 19 February 2003.

*Carter, Archie, Hassell & Singleton, L.L.P., by Sid Hassell, Jr., for propounder-appellee.*

*Alexy, Merrell, Wills & Wills, L.L.P., by Windy H. Rose, for caveators-appellants.*

TYSON, Judge

## I. Background

Edison Bryan Lowe ("testator") died on 15 November 2000. On 28 December 2000, Howard E. Clayton, Jr. ("propounder") submitted a writing dated 5 November 1999 to the Clerk of Court, purporting to be the Last Will and Testament of testator. Propounder was named as the primary beneficiary and executor under the will.

Testator's nephews, Eugene Lowe, Russell Lowe, and Bryan Lowe, collectively ("caveators"), filed a caveat on 17 January 2001. Caveators served a request for admissions upon propounder on 8 May 2001, and filed the request on 10 May 2001. Propounder served answers to the request along with a motion for extension of time on 3 October 2001. On 2 November 2001, the trial court granted an extension of time for propounder. The facts at issue were tried before a jury on 10 December 2001.

Caveators contended: (1) the will was procured by the undue influence of propounder, (2) testator had revoked the will through a later writing, and (3) they are entitled to the estate of testator through the laws of intestate succession. Caveators presented a purported revocation in the form of a writing dated 21 July 2000, signed by testator and attested by two witnesses which stated, in part, that testator had never "written a will."

Caveators also supported their theory of revocation of the will by introducing a power of attorney executed by testator in favor of propounder on 27 July 2000. This power of attorney was revoked less than a month later on 25 August 2000. Both the power and revocation thereof were recorded at the office of the Register of Deeds. On 14

IN RE ESTATE OF LOWE

[156 N.C. App. 616 (2003)]

September 2000, testator signed a notice that he would only execute legal documents if he first consulted with his cousin, J. Arden Williams or nephew, Eugene P. Lowe. This notice was also recorded on 20 September 2000. Despite caveators' request, no instruction regarding revocation of the will was given to the jury.

The jury found that the purported will (1) met the requirements for a valid attested will, (2) was not procured by undue influence, and (3) was the will of testator. The will was probated by the trial court on 2 January 2002.

## II. Issues

The issues are whether the trial court erred in (1) granting propounder's motion for extension of time to answer caveators' request for admissions or allowing withdrawal of the admissions and (2) denying caveators' request for a jury instruction on revocation.

## III. Motion for Extension of Time

[1] Our standard to review whether the trial court erred in granting a motion for extension of time is abuse of discretion. *Rutherford v. Bass Air Conditioning Co.*, 38 N.C. App. 630, 635-37, 248 S.E.2d 887, 891-92 (1978), *disc. rev. denied*, 296 N.C. 586, 254 S.E.2d 34 (1979).

Propounder moved for an extension of time to answer the request for admissions. Caveators argue that propounder had conclusively admitted all of the requests by not answering pursuant to N.C. Rule of Civil Procedure 36(b) at the time he moved for an extension. Rule 36(b) states that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." N.C. Rule of Civil Procedure 36(a) explains "[t]he matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter[.]"

When propounder requested an extension of time on 3 October 2001, the request was already deemed admitted since it was served 8 May 2001, almost five months earlier and not answered within 30 days thereafter. Propounder's motion for extension of time was more appropriately a motion to withdraw his admissions.

The trial court may permit withdrawal of or amendment to an admission "when the presentation of the merits of the action will be

subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." N.C. R. Civ. P. 36(b) (2002). The grant or denial of a motion to withdraw an admission is discretionary with the trial court. *Interstate Highway Express v. S & S Enterprises, Inc.*, 93 N.C. App. 765, 768, 379 S.E.2d 85, 87 (1989) (quoting *Whitley v. Coltrane*, 65 N.C. App. 679, 681, 309 S.E.2d 712, 715 (1983)).

In *Interstate*, the trial court entered summary judgment for the plaintiff and denied defendants' request to withdraw their admissions. *Id.* at 767, 379 S.E.2d at 86. Defendants argued that the trial court erred by "not requiring plaintiff to present evidence that withdrawal or amendment would prejudice it in maintaining its action." *Id.* at 768, 379 S.E.2d at 87. This Court held that Rule 36 gave the trial judge the discretion to allow or deny withdrawal of admissions and that in the exercise of its discretion, the trial court need not consider whether the withdrawal would prejudice the plaintiff. *Id.* at 769, 379 S.E.2d at 87.

The case at bar is distinguishable. Defendant was allowed to withdraw the admissions and file answers to the request. We find the language and deference given to the trial judge's discretion by this Court to be binding. *See Williams v. Jennette*, 77 N.C. App. 283, 290, 335 S.E.2d 191, 196 (1985); *Whitley v. Coltrane*, 65 N.C. App. 679, 309 S.E.2d 712 (1983). We cannot find that the trial judge abused his discretion by, in effect, allowing propounder's withdrawal by granting the extension of time. If the request was deemed admitted, caveators' case may have been stronger, but we cannot hold that a different result would have been reached. This assignment of error is overruled.

### III. Instruction on Revocation

[2] "While the court is not required to give the instruction in the exact language of the request, if request be made for a specific instruction, which is correct in itself and supported by evidence, the court must give the instruction at least in substance." *State v. Hooker*, 243 N.C. 429, 431, 90 S.E.2d 690, 691 (1956).

Caveators contend that the trial court erred by not giving a jury instruction on revocation of a will where there was supporting evidence. The primary evidence supporting revocation consisted of a writing dated 21 July 2000 which stated:

I, Edison Lowe, being of sound mind do here by (sic) state that I have not written a will. This the 21 day of July 2000. Further, if I do decide to write a will, I will do so with a family member or legal respresentative (sic) present and file it in the proper way.

N.C.G.S. § 31-5.1 (2001) states "[a] written will, or any part thereof, may be revoked . . . [b]y a subsequent written will or codicil or other revocatory writing executed in the manner provided herein for the execution of written wills." The statute also recognizes physical revocation by or through the testator by means of burning, tearing, canceling, obliterating, or destroying the will with intent to revoke. N.C.G.S. § 31-5.1 (2001). N.C.G.S. § 31-3.3 requires for a valid attested written will: (1) testator's signature, either signed personally or at the direction of the testator and in the testator's presence, (2) signification to attesting witnesses that the instrument is that of the testator, either by signing in the presence of the witnesses or acknowledging to them his signature previously affixed, either of which may be done separately, and (3) the signatures of two attesting and competent witnesses who sign in the presence of the testator.

The purported revocation makes no attempt to devise testator's property, and cannot be considered a subsequent will. The letter is not a codicil because it does not attempt to explain, modify, or revoke a will. The writing is a "subsequent writing" executed with the formalities of testator's signature and two attesting witnesses. Caveators argue that the inconsistency raised by the writing indicates an intent to revoke the prior will.

The writing bears the testator's signature and is witnessed by Michael Whitley and Romane Blount. Both witnesses were employees at Pungo District Hospital where testator was admitted as a patient at the time of the writing. Both Michael and Romane testified that they saw testator sign the letter, but neither remembers the other witness being present in the room.

Assuming the testimony of the witnesses is true and both witnessed testator sign the letter, the issue is whether the inconsistency between the later dated letter and the will is sufficient evidence of implied revocation to warrant a jury instruction.

"A will may be revoked by a subsequent instrument executed solely for that purpose, or by a subsequent will containing a revoking

**IN RE ESTATE OF LOWE**

[156 N.C. App. 616 (2003)]

clause or provisions inconsistent with those of the previous will, or by any of the other methods prescribed by law." *In re Will of Wolfe*, 185 N.C. 562, 565, 117 S.E. 805-06 (1923). "To be effective the language of the revocatory instrument must evince a present intent on the part of the testator to revoke the prior will or codicil." McLaughlin and Bowser, *Wiggins North Carolina Wills*, § 93 (4th ed. 2000). Where there is no express language but inconsistencies exist between a prior will and a later will or codicil, courts attempt to construe them together. *Id.* at § 94. However, if a later will disposes of the estate in a manner completely different from the earlier will, the first will is revoked. *Id.*

If a codicil contains no express revocation clause, the codicil's terms must be so inconsistent with those of the will to exclude any inference other than the testator changed his intention in order for the codicil to revoke any portion of a will. *Yount v. Yount*, 258 N.C. 236, 239, 128 S.E.2d 613, 616 (1962).

In *Yount*, the testator had named two persons as co-executors in his will. *Id.* at 237, 128 S.E.2d at 615. In his codicil, testator substituted a different executor for one of those listed in the will. *Id.* The individuals listed in the codicil were held to be the executors testator intended to serve. *Id.* at 241, 128 S.E.2d at 617. This Court held that the codicil revoked the prior designation of executors in the will. *Id.* at 240, 128 S.E.2d at 617.

Here, the writing is quite distinguishable from the codicil in *Yount*. The executed writing does not make reference to a prior will, but just states that the testator has "not written a will." The statement, while inconsistent with the fact that testator had executed a prior will, is not expressly inconsistent with any provision expressed in the will.

We find no case precedent in North Carolina or other jurisdictions where a subsequent writing declaring testator has "not written a will" was considered to be a revocation of a prior will.

Caveators point to other outside facts, including (1) testator's revocation of power of attorney in favor of propounder, (2) testator's statement to Angelina Lowe that he needed to discuss making a will, and (3) the recorded statement that he would consult one of the caveators or another person before he would execute any legal document in support of their contention that the writing revoked the prior will. These facts were offered to the jury, and should only be consid-

ered ,where something on the face of the letter warrants the testamentary meaning caveators seek to attribute to the writing. *See Davis v. King*, 89 N.C. 441, 446 (1883).

. After considering all of the evidence, the trial court found insufficient evidence to support a jury instruction on will revocation. Had testator devised his property in a different manner through the letter or expressly stated an intention to revoke the prior will, sufficient evidence would exist to require a jury instruction on revocation. This assignment of error is overruled.

No error.

Judges McCULLOUGH and CALABRIA concur.