LARRY EUGENE SMITH, Plaintiff,
v.
BOYD BENNETT, in his individual and official capacities as Director of the N.C. Division of Prisons; ROBERT TERRY, in his individual and official capacities as Disciplinary Hearing Officer; LT. DONNIE R. RAYNOR, in his official capacity as Central Prison Facility Head; and SGT. ISAAC L. BROWN, in his individual and official capacities as Central Prison Investigating Officer, Defendants.
No. COA07-124
Court of Appeals of North Carolina.
Filed November 6, 2007
This case not for publication
Larry Eugene Smith, Jr., pro se plaintiff-appellant.
Attorney General Roy Cooper, by Assistant Attorney General J. Philip Allen, for defendant-appellees.
BRYANT, Judge.
Larry Eugene Smith (plaintiff) appeals from an order dated 27 February 2006 dismissing plaintiff's complaint with prejudice. For the reasons stated herein, we affirm the order of the trial court.

Facts and Procedural History
On 5 August 2004 at Central Prison, plaintiff, an inmate, attempted to hang himself with a bed sheet tied to his cell locker. The prison staff intervened and immediately admitted plaintiff to the prison's mental health hospital, from which he had been released earlier the same day. Plaintiff was then administratively charged with two disciplinary infractions: attempting to inflict self-injury (by tying a bed sheet around his neck and attaching it to his locker), and disobeying an officer's order (to remove the bed sheet). Sergeant Isaac L. Brown, the Investigating Officer, interrogated plaintiff on 9 August 2004. Plaintiff gave a written statement at that time requesting statements from his treating physicians be gathered by Sergeant Brown on plaintiff's behalf. Sergeant Brown did not gather any statements from said physicians because he deemed the statements to be irrelevant.
On 25 August 2004, plaintiff formally entered a plea of not guilty to the disciplinary infractions, and the infractions were heard on 2 September 2004 at a hearing before the Disciplinary Hearing Officer. Plaintiff was found guilty of committing both infractions and was given active punishments, including loss of visitation, disciplinary segregation, sixty hours of extra duty, and forty days forfeiture of previously earned good time credits.
On 20 December 2005, plaintiff filed the instant civil action, seeking a declaration that the disciplinary convictions violated his constitutional rights, an injunction restoring the forty days of good time, and compensatory and punitive damages. On 16 February 2006, plaintiff filed a motion seeking the appointment of counsel in his civil action. Defendants moved to dismiss plaintiff's complaint on 17 February 2006 and opposed the appointment of counsel. Plaintiff subsequently filed two motions, the first on 28 February 2006 and the second on 1 March 2006, with the trial court seeking an extension of time in which to respond to defendants' motion to dismiss. In an order dated 27 February 2006, the trial court granted defendants' motion to dismiss with prejudice, finding plaintiff had "failed to allege any basis in law or fact to support the relief sought." Plaintiff appeals.
Plaintiff raises the issues of whether the trial court erred by: (I) dismissing his claim of cruel and unusual punishment; (II) dismissing his declaratory judgment action; (III) holding plaintiff failed to allege any basis in law or fact to support his relief sought; (IV) failing to allow plaintiff sufficient time to respond to defendants' motion to dismiss; and (V) failing to rule on plaintiff's motion for appointment of counsel and motion to extend time in which to file his response to defendants' motion to dismiss, prior to dismissing his claims.

I, II, and III
In his complaint, plaintiff sought: a declaratory judgment stating his due process rights under the Constitutions of the United States and North Carolina were violated by defendants' actions during the investigation and hearing of the disciplinary infractions; an injunction restoring plaintiff's earned good time credits and expunging the disciplinary infraction convictions from his prison record; and monetary damages for defendants' violations of his constitutional rights and the policies of the North Carolina Department of Correction (DOC) during the investigation and hearing of the disciplinary infractions. Plaintiff argues the trial court erred in (I) dismissing his claim of cruel and unusual punishment; (II) dismissing his declaratory judgment action; and (III) holding plaintiff failed to allege any basis in law or fact to support his relief sought. We disagree.
This Court has held that,
[t]he purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the complaint. In deciding such a motion the trial court is to treat the allegations of the complaint as true. A claim should be dismissed under this rule if no law exists to support the claim made, if sufficient facts to make out a good claim are absent, or if facts are disclosed which will necessarily defeat the claim. A motion to dismiss in a declaratory judgment action is allowed only when the record clearly shows that there is no basis for declaratory relief, as when the complaint does not allege an actual, genuine existing controversy.
Claggett v. Wake Forest Univ., 126 N.C. App. 602, 607-08, 486 S.E.2d 443, 446 (1997) (internal citations and quotations omitted).
Plaintiff argues defendants violated his rights to due process under the United States and North Carolina Constitutions and violated DOC policy when Sergeant Brown failed to: (1) gather evidence on plaintiff's behalf; (2) notify the mental health facilities of the disciplinary infractions; and (3) appoint a staff member to assist plaintiff at his hearing on the disciplinary infractions. Under the policies of the DOC, an inmate has a right to request that written witness statements or evidence be gathered or the evidence or witnesses be present at any disciplinary hearing. An inmate also has the right to request the appointment of a staff member to provide assistance at the hearing. These rights may be waived by an inmate in writing, by not following proper procedure, or by "overt refusal" to follow established procedures.
We first note that there is no indication in the record that plaintiff requested assistance of a staff member at his hearing on the disciplinary infractions. Notably, in his internal appeal of the disciplinary action, plaintiff did not raise the denial of the appointment a staff member at his disciplinary hearing as an issue. Plaintiff has waived this issue, and we dismiss this assignment of error.
Plaintiff did request written statements from the medical and mental health staff who treated him after the "hanging" incident upon which the disciplinary infractions were based. However, according to Sergeant Brown, no statements were obtained from these staff members "due to their not being involved in the incident[;] their statements would not be relevant." We agree that any evidence offered by the medical or mental health staff would not have been relevant to whether plaintiff committed the disciplinary infractions of attempting to inflict self-injury and disobeying an officer's order. While an inmate facing disciplinary proceedings has a right to call witnesses and present evidence in his defense, this right is not unqualified, but is tempered by the needs of the correctional institute and subject to the discretion of prison officials. Wolff v. McDonnell, 418 U.S. 539, 566-67, 41 L. Ed. 2d 935, 956-57 (1974). Defendants' refusal to obtain statements from the medical or mental health staff, and lack of notification to the mental health facilities of the disciplinary infractions against plaintiff did not violate DOC's policies or plaintiff's rights to due process under the United States and North Carolina Constitutions. These assignments of error are overruled.
Turning to plaintiff's claims regarding the violation of his right to be free from cruel or unusual punishment, it is well established that "a sentence within statutory limitation is not cruel or unusual punishment in the constitutional sense." State v. Cameron, 284 N.C. 165, 172, 200 S.E.2d 186, 192 (1973) (citations omitted). While defendant lost forty days of earned good time credit, he is still subject to the limitations of his original sentence, and the loss of the earned good time credit cannot be considered cruel or unusual punishment proscribed by the United States Constitution or the North Carolina Constitution. Thus, the trial court did not err in dismissing plaintiffs claims alleging cruel and unusual punishment. This assignment of error is overruled.
The record clearly shows that there is no basis for declaratory relief as to plaintiff's claims for violations of his due process rights or violation of his right to be free from cruel or unusual punishment. Therefore, the trial court did not err in dismissing plaintiff's complaint. Claggett, 126 N.C. App. at 607-08, 486 S.E.2d at 446. This assignment of error is overruled.

IV
Plaintiff next argues the trial court erred because it failed, as a matter of law, to allow plaintiff sufficient time to respond to defendants' motion to dismiss. We disagree.
Rule 6 of the North Carolina Rules of Civil Procedure requires that written motions "be served not later than five days before the time specified for the hearing . . . ." N.C. Gen. Stat. § 1A-1, Rule 6(d) (2005). Defendants served their motion to dismiss by mail on 17 February 2006. In this case there was no hearing, no time specified for a hearing, and plaintiff does not raise the issue of the lack of a hearing in his arguments to this Court.
Even assuming the trial court was required to wait for the expiration of the period specified in Rule 6(d) before ruling on defendants' motion to dismiss, the trial court's ruling was not premature. Because defendants served their motion by mail on 17 February 2006, the prescribed five-day period was extended by Rules 6(a) and 6(e) to the following Monday, 27 February 2006. N.C. Gen. Stat. § 1A-1, Rules 6(a),(e) (2005). The trial court's order dismissing plaintiff's complaint was dated 27 February 2006, thus, the trial court allowed plaintiff the time required to respond to defendants' motion to dismiss under the North Carolina Rules of Civil Procedure. This assignment of error is overruled.

V
Plaintiff lastly argues the trial court erred in failing to rule on plaintiff's motion for appointment of counsel and motion to extend time in which to file a response to defendants' motion to dismiss prior to dismissing plaintiff's claims. We disagree. An indigent person has a statutory right to the services of counsel only in specific situations. See N.C. Gen. Stat. § 7A-451(a) (2005). The instant lawsuit does not present a situation listed among those in N.C.G.S. § 7A-451(a), and thus plaintiff has no statutory right to assistance of counsel in this civil case. Further, as plaintiff's complaint does not allege any basis in law or fact to support the relief sought, we cannot say the trial court erred in failing to rule on plaintiff's motion for appointment of counsel before it dismissed plaintiff's complaint. Similarly, plaintiff cannot show the trial court abused its discretion in failing to rule on plaintiff's motion for extension of time. See In re Estate of Lowe, 156 N.C. App. 616, 618, 577 S.E.2d 315, 316 (2003) (holding "[o]ur standard to review whether the trial court erred in granting a motion for extension of time is abuse of discretion"). This assignment of error is overruled.
Affirmed.
Judges WYNN and HUNTER concur.
Report per Rule 30(e).